# Stearns Coal & Lumber Company, et al. v. Spradlin.

### (Decided June 19, 1917.)

## Appeal from McCreary Circuit Court.

1. Master and Servant—Mines and Minerals—Safe Place to Work—Negligence.—The owner and lessor of a mine is not liable to employes of the operating lessee for negligence of the lessee in failing to provide a safe place to work, merely because of the ownership of the mine.

2. Master and Servant—Mines and Minerals—Assumption of Risk.—A company operating a mine is liable to its employes for failure to maintain its entries in a reasonably safe condition for use of the employes in going to and from their work in the mine, but an employe engaged in a work of preparation in which the conditions are constantly changing, assumes the risk incident thereto.

3. Master and Servant—Mines and Minerals—Operation—Rules.—Section 2738b Kentucky Statutes permits a mine operator to adopt mining rules which, if approved by the chief inspector of mines and posted as therein required, are binding upon employes, but a rule though adopted by the operator and approved by the mine inspector is not binding upon the employes until posted as required by the law.

4. Master and Servant—Mines—Evidence.—Proof that the roof of the coal mine involved here was dangerous at a place fifty or seventy-five feet from the place of accident resulting from slate falling from the mine roof held incompetent.

5. Appeal and Error—Prejudicial Error—Plea of Contributory Negligence.—Where defendant has pleaded, and produced evidence in proof of specific acts constituting contributory negligence and offers an instruction presenting such specific defense, although not proper in form, it is prejudicial error for the court to fail to prepare and give a proper instruction presenting the defense, although an instruction has been given in general terms only upon contributory negligence.

O. H. WADDLE and WM. WADDLE for appellants.

JOHN W. SAMPSON, STEPHENS & STEELEY and HARDING & RAWLINGS for appellee.

## OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellee, Lewis Spradlin, an experienced miner, was employed by appellant, Stearns Coal Co., to widen an entry in a mine known as Number 10 and operated by Stearns Coal Co. under a lease from the Stearns Coal & Lumber Company, which latter company owned the mine. The entry was ten or eleven feet wide and was to

be widened to fourteen feet so that an additional track could be laid therein. Appellee had taken the contract and was to perform the work in conjunction with Jack Abston, called his "buddy," at so much per ton for the coal shot down and hauled out. They began work on September 10, 1914, and at about eleven o'clock the next day, having drilled and loaded holes in the left rib of the coal, at the direction of the mine foreman fired two shots. After waiting about ten minutes, after the shots were fired, they returned to the place where they were working and while Abston was filling with water his carbide light, which was not burning as brightly as it would with more water, appellee sat down on the track at a point some eight or ten feet nearly opposite the place where one of the shots had been fired. Almost immediately after he sat down a large piece of slate fell from the roof upon him and seriously and permanently injured him. To recover for these injuries he brought this suit against both the operating lessee and the owner of the mine and upon a trial before a jury a verdict was returned and judgment entered in his behalf, against both defendants, for three thousand ($3,000.00) dollars, the full amount sued for.

This cause of action is predicated upon the alleged failure upon the part of the defendants to furnish him a safe place in which to do his work. The companies, in a joint answer, denied the negligence pleaded and in a separate paragraph pleaded contributory negligence in general terms. In still another paragraph they pleaded that the roof was caused to fall by the work that appellee was doing from which the condition of the place of work, as to its safety was constantly changing and by his contract appellee undertook to look after its safety; that his work was a work of preparation and that he assumed the risks incident thereto. The issues were completed by a reply in which the affirmative allegations of the answer were traversed.

A reversal is asked because of the refusal of the court to sustain motions for peremptory instructions asked for by both defendants at the close of the plaintiff's testimony and again at the close of all the testimony; because of the admission of incompetent evidence and because of the instructions given over appellant's objection and refusal to give offered instructions.

1. It is conceded by appellee that the Stearns Coal Co. had leased and was operating the mine and that he was employed by this company to do the work he was

performing. There is no showing against the Stearns Coal & Lumber Company that would render it liable for the acts of its lessee, as the terms of the lease are neither alleged nor proven and we know of no rule of law or reason under such circumstances, for holding the owner of the mine liable for the negligent acts of the lessee to its employes, and the court erred in failing to sustain a motion of the Stearns Coal & Lumber Company for a peremptory instruction. As to the other defendant, we think the court properly overruled the motion for the following reasons:

The place where the accident occurred was at the time being used both as an entry and as a place for mining coal. It is the duty of a mining company to keep its entries in a reasonably safe place for those of its employes required to use them in going to and from their work. There is evidence in the record that the roof in the entry, as it existed before appellee began his work, was streaked with fire-clay; that this made it a dangerous roof and that the mine superintendent, Mr. Head, had known of this dangerous condition at that place in the roof of the mine for about two years, and that appellee did not know of this dangerous condition and it was not obvious. Therefore, if the place is to be considered as an entry and the accident occurred as a result of the negligence of the company, in failing to make the roof thereof reasonably safe, unaffected by the shots fired or other work done by appellee, which was appellee's theory of his case, and to support which there was some evidence, it is apparent that appellant was not entitled to a peremptory instruction, unless under a rule of the company, introduced by it in evidence, which required all employes to examine the roof of the mine upon a return to a place where they had fired a shot. But this rule was not available as a defense, although adopted by the company and approved by the chief inspector of mines, because of the fact that there was no proof that such rule had been posted as required by law, which law provides that such rules shall not become effective until posted as therein provided. Section 2738b, Kentucky Statutes.

2. Appellee was permitted to prove, over objection, that the condition of the roof of the mine at a point some fifty or seventy-five feet distant from the place of the accident, was unsafe, and this was clearly error, although we do not now express an opinion as to whether or not

it was prejudicial as the case is to be reversed for another reason.

3. In the instructions given, the court presented appellee's theory of the case, but did not, in any way, present appellant's theory, unless in the instruction upon contributory negligence, which was in general terms only. Appellant introduced the testimony of several witnesses to show that the roof was caused to fall by the shots fired by appellee, in the course of his work, and that the accident resulted to him by reason of his failure to examine the roof when he returned, after the shots had been fired, but whether the roof was caused to fall by appellee's work or fell because of its pre-existing dangerous condition, known to appellant, but not known to appellee and not being obvious, the evidence is conflicting, as is also the evidence as to whether the roof fell from over appellee's work or away therefrom and independent thereof. It is conceded that he was an experienced miner and if the roof that fell was loosened and caused to fall by the shots that he fired, he was manifestly guilty of such contributory negligence in failing to make an examination of the roof before going under it, after the shots had been fired, as would defeat his right of recovery, regardless of any rule of the company; moreover, if the accident resulted from the work appellee and his buddy were doing in preparing the place for larger use as an entry, unquestionably he assumed the risks incident thereto, and cannot recover.

Appellant, in instruction "A" offered, although the offered instruction was not correct in form, called the courts attention to his specific defense, rendering it prejudicial error for the court to fail to prepare and give a proper instruction upon the point. L. & N. R. R. Co. v. King's Admr., 131 Ky. 347; Stearns Coal & Lumber Co. v. Williams, 171 Ky. 46; Cumberland Railroad Company v. Gardner, 174 Ky. 761. For this reason the judgment must be reversed.

The issue narrowed in this case to whether the roof was caused to fall by the shots that appellee had fired or fell because of its pre-existing dangerous condition, of which appellee did not know and which was not obvious, but of which appellant did know, and that issue should have been sharply defined in the instructions to the jury. If the roof was rendered dangerous and caused to fall by appellee's work, as alleged and sustained by some proof, it is obvious that the accident to appellee resulted, not from the negligence of the appellant, for it was neither

under obligations to guard against such dangers, **nor
did it have an opportunity, after the danger was created,
to discover it, but resulted from the negligence of ap-
pellee, in failing to examine the condition of the roof
after the shots were fired, and besides it was a risk as-
sumed by him.**

For the reasons indicated the judgment is reversed
and the cause remanded for another trial consistent here-
with.