## Eutsler v. Huff.

(Decided November 25, 1927.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—Owner of mine is not liable for injuries to employee where mine was being operated by lessee who was an independent contractor.

2. Master and Servant.—If case comes within Workmen's Compensation Act (Ky Stats., sec. 4880 et seq., as amended), defenses of contributory negligence and assumption of risk are not available to employer sued by employee for injuries.

3. Master and Servant.—Lessee and his two sons, operating mine, cannot be included in number of workmen, so as to bring operation of mine under Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq., as amended).

4. Master and Servant.—An experienced miner, who is paid additional wages to look after condition of roof of mine, and, with knowledge of condition of roof, continues to work thereunder, assumes any risk of injury from slate falling from roof.

5. Appeal and Error.—Error in sustaining demurrer to defense was not rendered harmless by reception of evidence thereof, where court refused to submit issues; defendant's failure to ask per-

emptory instruction not depriving him of right to have jury pass on defense.

D. Y. LYTTLE for appellant.

R. L. POPE and F. L. HUFF for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and defendant below, G. W. Eutsler, owned the lease privileges for taking coal from under a small tract of land near the city of Harlan, Ky., and it had been operated by his predecessors in title and by himself as a wagon mine, the opening being near the top of the hill or mountain, and the mined coal was run through a spout or trough from the mouth of the mine into a bin constructed at the foot of the hill or mountain, and from which place it was loaded in wagons and marketed. On the 19th day of December, 1924, the plaintiff and appellee, Carmen Huff, was engaged in hauling coal from out of the mine and dumping it into the spout, and, when returning into the mine with his empty mule car, some slate fell upon him and injured his left arm and back, and to recover damages for which he filed this ordinary action in the Harlan circuit court against Eutsler and one Oliver Stewart, alleging in the petition that the two named defendants by some kind of arrangement were jointly operating the mine, and by their negligence in failing to prop the roof of the driveway or to inspect it they thereby failed to furnish plaintiff a reasonably safe place within which to perform his work, and that the injuries he sustained were due to such derelictions. It was furthermore alleged in the petition that defendant employed more than three laborers and came within the provisions of our Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq., as amended). Stewart did not answer, and the petition was later dismissed as to him.

Eutsler answered in seven paragraphs, the first of which was a general denial; the second pleaded contributory negligence on the part of plaintiff; the third one alleged that Stewart and his two adult sons were operating the mine at the time of the injury complained of under a verbal lease with defendant Eustler whereby they agreed to mine the coal, look after and operate the mine in every respect, to hire and pay for all necessary labor, and deliver the coal in the bin at the foot of the

hill, for all of which Eutsler agreed to pay them the sum of $1 per ton, and that the lessees under the verbal lease had been so operating the mine for something like five months, and that they employed plaintiff and paid him his wages, and that defendant Eutsler had nothing whatever to do with his employment, nor in directing him as to where, when, or how he should perform his work; the fourth paragraph pleaded that plaintiff, on the day he received his injuries, was intoxicated, and that he went into the mine over the protest of Stewart, who directed him not to do so; the fifth paragraph pleaded that the only persons who were at work in the mine at the time, or who were needed or had been at work therein, were Stewart, his two adult sons, and plaintiff, and that the first three, being lessees, could not be counted so as to require the operation to be under the terms of the Workmen's Compensation Act as contained in section 4880 of our Statutes; the sixth paragraph pleaded that under plaintiff's employment by Stewart, he, in consideration of additional wages, agreed himself to look after the condition of the roof; and the seventh paragraph pleaded assumption of risk.

The court sustained the demurrer filed by plaintiff to all the paragraphs of the answer, except Nos. 1 and 2, and a reply to paragraph No. 2, which was a denial, made the issues, which were tried before a jury, and under the instructions given by the court it returned a verdict in favor of plaintiff for $1,350 upon which judgment was rendered after defendant's motion for a new trial was overruled, and to reverse it he prosecutes this appeal.

We are of the opinion that the court erred in sustaining the demurrer to each of the paragraphs mentioned, except as to No. 4, relying upon plaintiff's intoxicated condition, which, if true, was provable under paragraph 2, pleading contributory negligence, and to which the court overruled the demurrer. If the facts as alleged in paragraph 3 are true, then Stewart was an independent contractor or lessee of the mine and defendant Eutsler would not be liable in this case, and which was expressly so held in the case of Stearns Coal & Lumber Co. v. Spradlin, 176 Ky. 405, 195 S. W. 781, and also in the more recent one of Glover's Adm'r v. James, 217 Ky. 572, 290 S. W. 344, wherein a number of other cases from this court upon the point are collected and recited. But counsel for plaintiff argues that the facts bring this

case within the doctrine announced in Interstate Coal Co. v. Trivett, 155 Ky. 825, 160 S. W. 728. In that case the alleged independent contractor agreed to load coal from only two rooms in a mine and was paid a certain price per ton therefor, and plaintiff therein was injured while assisting such alleged independent contractor, whose name was Hill, in performing that work. The mine owner in that case, as is stated in the opinion, "retained control over the manner and method of doing the work," and continued himself to operate the entire mine, the two rooms of which were but small parts. It was therefore held that under the facts developed by that case Hill was not such an independent contractor as would relieve the owner of the mine of liability to the plaintiff on account of Hill's negligence. The allegations of paragraph 3 of the answer in this case, to which the demurrer was sustained, show that the entire mine was leased to the Stewarts, and which brings this case strictly under the principles announced in the Spradlin and James cases, supra, particularly those of the latter, since in that case the lease was a verbal one, as it was shown to be in this case. We are convinced, therefore, that the court erred in sustaining the demurrer filed to that paragraph of the answer.

It is equally as clear that the demurrer to paragraph 5 should not have been sustained, because, if the facts therein alleged were true, then the two defenses, of contributory negligence and assumption of risk would be available to defendant, if he was otherwise liable, but which two defenses could not be relied on if the case was one coming under the provisions of the Compensation Act, and it is our conclusion that it was not, under the facts alleged in paragraph 5, since the number of laborers necessary to require the operation to be under the Compensation Act are as many as three employees, and one can not be both an employer and an employee. So that neither Stewart nor either of his two adult sons should be included in the number of workmen engaged in operating the mine so as to bring it within the terms of that statute.

Plaintiff was an experienced miner, having engaged in the work for as much as or more than five years before sustaining the injuries for which he sues. If, as alleged in paragraph 6, he was paid additional wages to look after the condition of the roof under which he worked,

and undertook to do so, all for his own individual safety, we know of no principle of law that would prevent it, and the court therefore erred in sustaining the demurrer to that paragraph of the answer and likewise to paragraph 7; for, if plaintiff contracted to look after the safety of the roof as alleged in paragraph 6, and failed to do so, or if the operation was not one covered by the Compensation Act, and plaintiff as an experienced miner knew of the condition of the roof, and with such knowledge continued his work thereunder, then in either of such events he would assume the risk, and the court improperly sustained the demurrer to that paragraph.

But it is said that the court heard evidence on all of those matters, and for that reason defendant was not prejudiced by the error of the court, supra, in sustaining the demurrers. In reply to that contention defendant's counsel argues that such testimony was only incidental and was not developed as fully as it could or would have been had the defenses remained in the case. But, be that as it may, the court refused to even submit the question of an independent contractor to the jury, although defendant prepared and offered an instruction on that subject, but which the court declined to give. The evidence, as far as it went, proved, without contradiction, the subletting of the mine to Stewart and his two sons, and, to say the least of it, it is exceedingly doubtful if a peremptory instruction should not have been given for defendant. None, however, was asked, but the failure to do so did not deprive defendant of at least the right to have that issue submitted to the jury under the evidence that was heard thereon, if that defense had remained in the case as it should have. Likewise defendant offered an instruction upon the defense contained in paragraph 6 of the answer, but the court declined to give it, but which defendant was entitled to if that paragraph had remained in the answer as it also should have. Upon another trial the court will overrule the demurrer filed to each paragraph of the answer except No. 4, the facts of which may be introduced under the paragraph containing the defense of contributory negligence, and, if the evidence is substantially the same, the issues raised by the other paragraphs should be submitted to the jury, unless the court should sustain a peremptory instruction if offered by defendant upon the ground that the uncontradicted testimony proved that Stewart and his two sons

were independent contractors within the principles announced in the James and Spradlin cases, supra, but upon which we do not at this time express an opinion, since the testimony on another trial may be different.

Wherefore the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion.