## Summerville v. Waller.

(Decided Dec. 3, 1935.)

(As Modified Feb. 4, 1936.)

WEBB & WEBB for appellant.

HOLIFIELD, McDONALD & BOAZ for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellant prosecutes this appeal from a judgment for $3,000, rendered against him in the Graves circuit court in favor of appellee, for personal injuries received by appellee as result of a collision between a motortruck on which appellee was riding and a taxicab owned by appellant, and being driven by his brother, Bertie Summerville.

The plaintiff and about eighteen or twenty other colored people were interested in promoting a play at Fulton, Ky., for the benefit of their church, and plaintiff had a part in the play. One of the members who was interested in the play was working for T. H. Self,

a white man who resided in Paducah, Ky., and in order to provide transportation for the party from Paducah to Fulton, the colored man endeavored to borrow a truck owned by Self. Self refused to let the colored man have the truck, but offered to take the party to Fulton if they would provide the gasoline necessary to make the trip. These arrangements were agreed on, and Mr. Self transported the party from Paducah to Fulton, he himself doing the driving. On the return trip from Fulton to Paducah, the truck and the taxicab collided, resulting in the appellee's injuries.

Plaintiff's action is based upon the alleged negligent operation of the taxicab. Defendant filed his answer, denying the allegations of negligence and other material allegations of the petition, and pleaded contributory negligence of plaintiff and Self, the driver of the truck. Later he filed his amended answer alleging that since filing his original answer he had discovered that at the time and place of the accident that plaintiff was riding in the truck owned and being operated by T. H. Self, who was the agent of plaintiff, and other occupants of the truck. That under the arrangements between Self and the plaintiff and other occupants of the truck, no charges were being made by the owner of the truck, but he operated it under the agreement that plaintiff and other occupants of the truck supply the gasoline for the purpose of making the trip, and that he received no compensation therefor, and that Self was the agent of plaintiff, and that the accident was caused by the contributory negligence of Self, but for which it would not have occurred, and the plaintiff is chargeable with the negligence of Self, who was her agent.

The court sustained a demurrer to the amended answer, and this ruling of the court is insisted on as one of the grounds for reversal.

A general allegation of agency might be suffiicient, but when the facts upon which an alleged agency is based are set out, the facts must be sufficient to constitute agency. We do not think the facts set out in the amended answer create the relation of principal and agent or master and servant. Appellant relies upon the case of Jellico Grocery Co. v. Biggs, 252 Ky. 827, 68 S. W. (2d) 429, wherein it is held that where the owner was a passenger in an automobile driven by

another, the driver was the owner's agent, and the driver's negligence was imputable to the owner. In the present case, the plaintiff was not the owner of the truck, nor does it appear that she employed Self to drive it, or had any authority or control of his actions. She was only a guest in the truck which was secured by another to make the trip, for which no compensation was paid. The Test of master and servant is whether or not the alleged master has the right to hire or discharge the servant or exercise any authority with respect to the manner and conduct of the work or undertaking being performed, none of which appears in this case. The court properly sustained the demurrer to the amended answer.

The further complaint is made that the court erred in admitting certain alleged improper and incompetent evidence. But as the case must be reversed on another ground, it becomes unnecessary to discuss this question, as it may not occur on another trial.

It is insisted that the instructions given by the court are erroneous. In this we concur; but it is unnecessary to reproduce them or point out their imperfections, except we may say that one objection to the instructions is that the court told the jury that a certain rate of speed was prima facie evidence of negligence, thereby indicating to the jury that a presumption of law was against the defendant. Like instructions were condemned by this court in the case of Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478, and Diamond Taxicab Co. v. McDaniel, 258 Ky. 478, 80 S. W. (2d) 562. However, the cases cited above were governed by section 2739g-51 of the Statutes, which is not applicable to the present case. The present case is governed by section 2739g-39 of the Statutes. Kennedy Transfer Co. v. Greenfield's Adm'rx, 248 Ky. 708, 59 S. W. (2d) 978.

On another trial of the case, if one is had, the court will instruct the jury as indicated in the Greenfield Case, supra, which case involved the same section of the Statutes as is involved in this case.

For reasons indicated, the judgment is reversed and remanded for proceedings consistent with this opinion.