## Nehi Bottling Co. et al. v. Flannery.

(Decided May 5, 1936.)

J. B. CLARKE and COMBS & COMBS and HUFFAKER, HOGAN & BERRY for appellant.

C. P. STEPHENS and ALLEN & TACKETT for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

In an action for damages for a personal injury, A. B. Flannery recovered a judgment against Nehi Bottling Company for $5,000.

It is not disputed that his petition as amended states facts sufficient to constitute a cause of action. The answer traversed the petition as amended and pleaded contributory negligence on the part of Flannery and his son who was operating the automobile at the time it collided with the Nehi Bottling Company's truck. It also set out facts sufficient to constitute a counterclaim for $1,000 damages to the truck, alleged to have resulted from the negligence of Flannery and

his son. The Nehi Bottling Company appeals, insisting that the verdict is not sustained by the evidence and is excessive. It complains of errors in the admission of improper evidence, argument of Flannery's counsel, and improper instructions.

As to how the accident happened, the rate of speed at which the vehicles were traveling, and the side of the road on which they were respectively traveling immediately before, and at the time of, the collision, the evidence is conflicting. That of Flannery is that the Nehi Bottling Company's truck left its side of the road and ran into, and against, the automobile in which he was traveling. That in behalf of the Nehi Bottling Company shows that his automobile passed another traveling in the same direction of Flanery's, and thereafter continued to travel on the left-hand side of the highway while the truck was traveling on its right-hand side, until it was struck by Flannery's automobile.

The testimony in behalf of Flannery exculpates the driver of his automobile and portrays the operator of the Nehi Bottling Company's truck as a violator of the law of the road. That of the Nehi Bottling Company establishes that the operator of Flannery's automobile was the only violator of the law of the road. As to the negligence of each of them, it was sufficient to submit either party's theory to the jury.

The Nehi Bottling Company argues that the evidence concerning Flannery's heart and its condition was incompetent in that he did not, in his petition, seek to recover for this ailment. The language of the petition as amended manifestly is broad and liberal enough to include an injury to his heart and to render admissible his testimony in respect to it. Especially in view of the fact that Dr. Holbrook, a witness of the Nehi Bottling Company, before Flannery testified concerning his heart, brought into the case the evidence as to the condition of his heart.

The bill of exceptions contains a number of statements of Flannery's counsel in his closing argument to the jury, to the making of which the Nehi Bottling Company objected. Since the case must be reversed because of an improper instruction, it is unnecessary to consid-

er the argument of Flannery's counsel, or determine whether the verdict is excessive. As to the latter, we express no opinion, since the verdict was returned under an improper instruction.

At the request of Flannery, the court erred in defining by instruction No. 1 the duties of the driver of the Nehi Bottling Company's truck under subsections 4 and 5 of section 2739g-51, Kentucky Statutes, as amended by Acts 1930, c. 79 (Ky. St. Supp. 1933, sec. 2739g-51). These subsections, including subsections 6, 7, 8, an 9, were repealed by the act of the General Assembly 1932, chapter 106, page 537 (section 2739g-86, Baldwin's Supp. 1933 Ed.), leaving the remainder of the section in operation as to motor vehicles named in subsections 1, 2, and 3. This was determined in Hopper v. Barren Fork Coal Co., 263 Ky. ——, 92 S. W. (2d) 776. For repeal by implication of a similar statute, see Spillman v. Weimaster, 275 Mich. 93, 265 N. W. 787. Section 2739g-39 governs the operation and rate of speed of all motor vehicles "proceeding from opposite directions," and section 2739g-86 now governs those named in it and fixes the rate of speed at which they may be operated, when not proceeding from the opposite direction of another motor vehicle on the highway. The unrepealed portion of section 2739g-51 applies only to motor vehicles named in it; i. e., subsections 1, 2, and 3, when not proceeding as described in section 2739g-39. It should be noted that section 2739g-51 contains the phrase: "Shall be prima facie evidence of unreasonable and improper driving." This is not in either section 2739g-39 or 2739g-86. The distinction between section 2739g-51 and an instruction thereunder, and section 2739g-39 and an instruction authorized by it, is pointed out in Kennedy Transfer Co. v. Greenfield's Adm'x, 248 Ky. 708, 59 S. W. (2d) 978, Summerville v. Waller, 262 Ky. 343, 90 S. W. (2d) 65, and Thronton v. Phillips, 262 Ky. 346, 90 S. W. (2d) 347. Another distinction between the repealed portion of section 2739g-51 and section 2739g-86 is, the former fixed the rate of speed according to the capacity of the truck or semitrailer as "rated by the manufacturer," and in the latter, the gross weight, including the load, controls the rate of speed. Confusion frequently arises when giving an instruction where the cause of action

developed embraces the "rate of speed," as an element of negligence. An appropriate instruction in such case, where a pedestrian was killed by the negligent operation of an automobile, was prepared and directed to be given under section 2739g-51 in Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478. See Diamond Taxicab Co. v. McDaniel, 258 Ky. 478, 80 S. W. (2d) 562. In an action based on the negligent operation of motor vehicles proceeding from opposite directions, an instruction was approved in Kennedy Transfer Co. v. Greenfield's Adm'x, 248 Ky. 708, 59 S. W. (2d) 978. We prepared and directed the instruction on the particular facts in Colyer v. Hudson, 261 Ky. 84, 87 S. W. (2d) 92, and in Consolidated Coach Corporation v. Bryant, 260 Ky. 452, 86 S. W. (2d) 88, in which the vehicles were proceeding from opposite directions.

An observance of the sections, supra; the difference in their language; the vehicles and the situations to which they apply and govern; and a reading of the cases, supra, will be helpful to prevent confusion and erroneous instructions.

The instructions in every case should be as specific and concrete as possible [Louisville & N. R. Co. v. King's Adm'r, 131 Ky. 347, 115 S. W. 196]; confined to the issues made by the pleadings, to which the parties direct and develop their evidence which tends to support their respective theory [Hess' Adm'r v. Louisville & N. R. Co., 249 Ky. 624, 61 S. W. (2d) 299].

The parties herein agree that before the collision, resulting in the damage respectively claimed by them, the operators of the vehicles were in plain view of each other, and were proceeding from opposite directions.

Excepting the Toon Case, the above cases furnish a form of an appropriate instruction which will be given, according to the evidence adduced, in lieu of No. 1.

Because of the giving of this instruction, the judgment is reversed for proceedings consistent herewith.