## Klein v. Lakes.
## Lakes v. Klein.

(Decided Dec. 4, 1936.)

(As Modified on Denial of Rehearing June 18, 1937.)

44

JAMES BOSWELL YOUNG for Earl Lakes.
BENJAMIN F. GARDNER for Mr. and Mrs. Klein.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

Earl Lakes, appellee in the first-styled appeal, and appellant in the second, hereinafter referred to as plaintiff, sued Junius Klein and wife on account of an injury resulting from their alleged negligent act. In an original petition Junius Klein alone was sued, it being said that he was the owner of the property immediately adjacent to the sidewalk on which the accident occurred. In a substituted petition Mrs. Klein was alleged to be the owner, and her husband was joined on an allegation that at the time of the accident he was acting individually and as the employee, servant, and agent of the wife.

Plaintiff's petition alleged that about 8 p. m. on the night of July 18, 1934, while on the way home from her place of employment, she stumbled over a plank or board which had been placed across the sidewalk, fell, and received injuries.

At the close of the evidence for plaintiff, defendants moved for a directed verdict, which motion was then overruled, but, upon its renewal after all the evidence was in, the court directed the jury to return a verdict in favor of Junius Klein, overruling it as to Mrs. Klein. The jury awarded plaintiff verdict for $500 against Mrs. Klein and judgment was entered accordingly. Appeal was granted Mrs. Klein, also to Earl Lakes as against Junius Klein.

Counsel for Mrs. Klein insists that the court was in error in not directing a verdict in her favor. This is the only contention made in argument presented here, so we shall only recite such facts as may have bearing on the questions.

The allegations of the substituted petition are to

the effect that Mrs. Klein, through her agent and servant Junius Klein while acting within the scope of his employment, performed the act which caused the injury to plaintiff. It is further alleged "that Junius Klein acting individually and by and through his agent and employee James La Rue, acting within the scope of his employment * * * and each of them, caused to be placed across the sidewalk a board or plank [describing same] in such a careless and negligent manner as to be dangerous to pedestrians." Then follows a detailed account of the manner of the accident and its alleged injurious results. Answer denied the allegations of the petition and pleaded contributory negligence.

Thus as we read the pleadings we find damages sought of Mrs. Klein for the negligent act of her husband and the servant James La Rue, and of Junius Klein individually, and acting by and through his agent and employee James La Rue. A motion to elect was overruled.

The fact that Mrs. Klein was the sole owner of the home at 1300 Willow avenue stands undisputed. The repair work was done on the sidewalk which is described as a public highway, traveled by the public, and was adjacent to the property of Mrs. Klein. There is no room for disputing the fact that the sidewalk was not Mrs. Klein's property.

On the afternoon of July 18, 1934 (date of accident), Mr. Klein, without permit from or direction by the city, concluded that he would do some patchwork on the sidewalk. The concrete along one of the breaks or joints had deteriorated to some extent. He procured some tools and materials and began work. He took out some of the rotted concrete and filled in the interstices with some rough concrete mixture. He had brought the patched place nearly up to the level and only needed a smooth finish to complete it. Around 5 o'clock James La Rue, chauffeur, cook, and general man around the house, came out to where Mr. Klein was working. Mr. Klein asked La Rue to finish the job. He says, "I told La Rue to do the finish, bring it up to a level." La Rue says "Mr. Klein told me to clean up and finish that piece of work." Mr. Klein then went into the house and La Rue finished, cleaned up, took the tools and put them away and later obtained a piece of board

about 3½ or 4 feet long, 5 or 6 inches wide, and seven-eights of an inch thick, and placed it across the sidewalk over the patchwork. The plank placed by La Rue is the one which plaintiff alleges she stumbled against, causing her to fall.

It is made clear from the proof, by plaintiff and defendants, that Mrs. Klein at no time suggested, directed, or supervised the work in which her husband and La Rue were engaged. On the other hand, the undenied proof is that she did not know that the patchwork was to be or was being done. La Rue says that the only instruction or direction to him came from Mr. Klein; nothing appears to contradict his statement.

Mr. Klein did not occupy the relationship of servant to or agent of Mrs. Klein in doing the work. One of the tests by which the relationship of master and servant is gauged is whether or not the master may hire or discharge, or exercise any authority with respect to the work to be undertaken or performed. American Savings Life Ins. Co. v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115, and cases cited. See, also, Summerville v. Waller, 262 Ky. 343, 90 S. W. (2d) 65; Kentucky-Penn. Oil & Gas Corp. v. Clark, 247 Ky. 438, 57 S. W. (2d) 65.

Agency is generally created by agreement. Messmer v. Bell & Coggeshall Co., 133 Ky. 19, 117 S. W. 346, 19 Ann. Cas. 1; Louisville & N. R. Co. v. Pendleton's Adm'r, 126 Ky. 605, 104 S. W. 382, 31 Ky. Law Rep. 1025. There is no proof here which would lead one to conclude that Mr. Klein was an agent authorized to manage Mrs. Klein's property. It is not shown that, even though partially afflicted by blindness, she did not manage her own property or affairs, or that Mr. Klein was charged with management.

Counsel for plaintiff was satisfied to stand on very meager proof as to agency or service. He relies on the following questions and answers by Mr. Klein:

"Q. Who manages the property known as 1300 Willow Street? A. What do you mean?

"Q. Who sees that the tax bills are correctly assessed? Who sees that the grocery bills are paid? A. I do that.

"Q. Who sees that the grass is cut? A. I do."

This evidence, going no further than it did, is not sufficient to create a direct relationship of principal and agent, nor does it seem sufficient to allow the conclusion of implied or inferential agency in respect to the acts done.

In J. E. M. Milling Co. v. Gaines, 231 Ky. 779, 786, 22 S. W. (2d) 274, we held the general rule to be that the property owner is under no duty to repair a public sidewalk adjoining his property, quoting to the same effect from Webster v. Chesapeake & C. R. Co., 105 S. W. 945, 32 Ky. Law Rep. 404. See, also, City of Louisville v. Metropolitan Realty Co., 168 Ky. 204, 182 S. W. 172.

There was no duty devolving on Mrs. Klein to repair the street. We are convinced from the proof that such repair work as was being done was without her knowledge or consent; not at her request, or under her direction. If it had been shown that the work was being done at her instance, or by her servant acting at her direction, or within the scope of his employment, she might then be held liable, even though she had not directed the plank to be placed as it was. In City of Newport v. Schmit, 191 Ky. 585, 231 S. W. 54, it was held that, if a property owner creates a nuisance or a servitude upon a sidewalk in front of his premises, he is liable for an injury to a member of the public arising from such creation. In that case, as well as in other cases cited by plaintiff, and most of which are distinguished in J. E. M. Milling Co. v. Gaines, supra, it was shown that the nuisance or servitude resulted in some exclusive benefit to the property owner. Moreover, in those cases it was clear that the master or principal had authorized the act which created the nuisance or servitude, or permitted such to be maintained after creation. Here the contrary of both propositions is true. There was no proof or showing of special benefit, and a total failure of direction, authorization, or knowledge. It would, to our mind, take much stronger proof than here shown to hold Mrs. Klein liable for the alleged injury.

The court below granted Earl Lakes, appellee in the Anna Klein case, an appeal as against Junius Klein. Mrs. Klein supplied the transcript of record on her appeal. Later Earl Lakes moved this court to be allowed to prosecute her appeal against Junius Klein on the

record brought here on Mrs. Klein's appeal, and that the appeals be considered together. This motion the court sustained on condition that Earl Lakes first pay one-half the cost of the record in the Klein v. Lakes appeal. The record shows that up to this time this order has not been complied with, hence the appeal of Lakes v. Junius Klein will not be considered until compliance with the court's order.

The judgment below on the appeal of Anna Klein v. Earl Lakes is reversed, with directions to grant appellant a new trial in conformity with this opinion. The appeal of Earl Lakes v. Junius Klein is continued until such time as the appellant therein may have complied with the court's order, not later than September 20, 1937, and the original order of submission is set aside.