## BLAIR et al.   v.   BOGGS.

Court of Appeals of Kentucky.

March 5, 1954.

J. L. Hays and Emmett G. Fields, Whitesburg, for appellants.

Harry M. Caudill and French Hawk, Whitesburg, for appellee.

DUNCAN, Justice.

This appeal is from a judgment against one Estill Morris and the appellants, Hillard Blair and Vincent Blair, in the amount of $3,000 for personal injuries sustained by appellee in a collision with a truck operated by Estill Morris. Liability against the Blairs was rested upon the claim that Morris at the time of the accident was acting as their agent or servant in the scope of his employment. Our determination of the appeal turns upon the question of whether there was sufficient evidence to go to the jury or from which the jury could have found that Morris was the agent or servant of the Blairs, or either of them, at the time of appellee's injury. Morris has not appealed, and we are not concerned with any question affecting his liability.

There is no material disagreement as to facts. Hillard Blair is the owner of a large boundary of land in the Cumberland Valley of Letcher County, much of which is underlain by three seams of merchantable coal. Blair had opened up several

mines on his land and had constructed tipples and roads for the purpose of mining and removing the coal. Some months before appellee's injury, Hillard Blair orally leased one of his mines to Estill Morris under the terms of which the lessee was to pay a royalty of 75¢ per ton for all coal mined by him. Blair was to maintain the roads and tipple, market the coal, collect from the purchasers, and after deducting his royalty, the cost of hauling, and powder purchased by him from time to time, the balance received from sales was to be paid to Morris. Appellant, Vincent Blair, who is a brother of Hillard Blair, had no interest in the mines or their operation. He had a contract for hauling, at 90¢ per ton, the coal produced by Morris and the lessees of other mines, and owned one or more trucks which he used for that purpose. Morris had nothing to do with the transportation of coal; Vincent Blair had nothing to do with the mine operation; and Hillard Blair had no control or direction of either the mining or the transportation of the coal.

About 6 p. m., on the day of the accident, after the mine had closed for the day, Estill Morris borrowed Vincent Blair's truck for the purpose of taking a load of coal to the Morris home. During the course of that trip, the collision occurred which resulted in appellee's injury. Morris had never driven the truck before and at the time of the collision was not performing any service for either Hillard or Vincent Blair.

■ The essential characteristic of the master and servant relation is the retention by the employer of the right to direct and control the manner in which the work will be performed and to determine not merely the result, but the methods and means by which the result is to be accomplished. Klein v. Lakes, 269 Ky. 43, 105 S.W.2d 1041; Summerville v. Waller, 262 Ky. 343, 90 S.W. 65. The mode of payment, while a circumstance to be considered in determining the existence of the rela-

tionship, is not decisive of the question. Employers' Indemnity Co. of Philadelphia v. Kelly Coal Co., 149 Ky. 712, 149 S.W. 992, 41 L.R.A.,N.S., 963.

■ In examining the evidence in this record, we find nothing to suggest that Hillard Blair ever exercised, or had the right to exercise, any direction or control over Morris in the operation of the mine. His only duty with respect to the coal was to market it after its delivery to his ramp and distribute the proceeds from its sale. Morris had the right to hire and fire employees engaged in the mining operation and had complete control and supervision of their work. The only evidence introduced by appellee in support of his claim that Morris was an employee of Hillard Blair was based upon rumor and general understanding in the neighborhood.

■ We have many times held that the lessor of a coal mine is not liable for personal injuries resulting from negligent acts or omissions of his lessee. Stearns Coal & Lumber Co. v. Spradlin, 176 Ky. 405, 195 S.W. 781; Glover's Adm'r v. James, 217 Ky. 572, 290 S.W. 344; Eutsler v. Huff, 222 Ky. 48, 299 S.W. 1070. Under the circumstances, we do not think there was any evidence that Morris was the agent or servant of Hillard Blair.

■ The only relationship shown to exist between Vincent Blair and Morris was that of bailor and bailee, with the bailment in this case being for the benefit of the bailee. It is generally established that a bailor who does not retain control of the article bailed is not responsible to other persons for its negligent use by the bailee. American Fidelity & Casualty Co. v. Pennsylvania Casualty Co., Ky., 258 S.W.2d 5. There is no conceivable basis for Vincent Blair's liability.

The judgment of the lower court is reversed with directions to set it aside as it applies to the appellants, Hillard and Vincent Blair, and for further proceedings consistent with this opinion.