Susie TURNER, Administratrix of the Estate of Eugene Turner, Appellant,

v.

Walter LEWIS and Bradley Baker, a Partnership, d/b/a Baker Coal Company, Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1955.

W. M. Melton, Hazard, for appellant.

A. E. Cornett, Hyden, for appellee.

CAMMACK, Judge.

The appellant, Mrs. Susie Turner, administratrix of the estate of her husband, Eugene Turner, instituted this action to recover $35,000 damages for his death which occurred while he was working in a coal mine. The suit was instituted against Walter Lewis and Bradley Baker, a partnership doing business as Baker Coal Company. Bradley Baker owned the mine, and Walter Lewis, who was a brother-in-law of Baker, was operating it. Baker and Lewis were operating under an oral agreement. They drew up a writing three days after Turner's death.

During the course of the trial the appellant's motion to dismiss the case as to Lewis was sustained. At the conclusion of the evidence the court directed a verdict in favor of Baker on the theory that Lewis was an independent contractor, thus relieving Baker of liability for injuries suffered by the mine workers.

On this appeal Mrs. Turner contends that Lewis was only an employee, or servant,

of Baker. Her contention is based primarily upon the fact that Lewis was paid a set price of $2.40 for each ton of coal taken from the mine.

We have held consistently that the right of control of the work, and the methods of its performance, are determinative on the question of whether one is a servant or an independent contractor. If the employer retains the right to control the work and the manner in which it is done, those doing the work are servants. On the other hand, if an employee has the right to control the manner of work and the right to determine the means by which results are accomplished, he is deemed an independent contractor and the employer is not responsible for his negligence. Blair v. Boggs, Ky., 265 S.W.2d 795; Eutsler v. Huff, 222 Ky. 48, 299 S.W. 1070; Glover's Adm'r v. James, 217 Ky. 572, 290 S.W. 344; Stearns Coal & Lumber Co. v. Spradlin, 176 Ky. 405, 195 S.W. 781. In each of these cases it was pointed out that the lessor of a coal mine was not responsible for the negligent acts of his lessee where the latter had control of the mine.

In the case before us Lewis had complete charge of the mining operations. He was a licensed mine foreman, and, insofar as the record shows, operated the mine as he saw fit. The machinery and equipment, like the mine, were owned by Baker though they were used by Lewis. Lewis received $2.40 for each ton of coal which he placed in the tipple. The selling of the coal was handled exclusively by Baker. Lewis hired and fired his own employees, including Eugene Turner. All of the mining work was done under his supervision.

We are unable to escape the conclusion that Lewis was an independent contractor and not a servant of Baker. Therefore, the lessor, Baker, was not liable for injuries occurring because of the negligence of Lewis.

Judgment affirmed.