**PARTIN–LAMBDIN LUMBER COMPANY,**
Appellant,

v.

**Elzina FRAZIER et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 27, 1957.

Rehearing Denied Jan. 31, 1958.

W. R. Lay and Grant F. Knuckles, Pineville, Robert L. Milby, Lexington, for appellant.

Farmer Helton and J. C. Helton, Pineville, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the circuit court confirmed an award of the Board to the widow of a man killed while performing work for appellant. The only issue in the case was and is whether the deceased was an employee or an independent contractor.

The deceased was a young man who was engaged by appellant to cut timber. He had his own saw and he was paid on the basis of board feet of timber cut.

Appellant instructed the deceased with respect to the size and length of logs to be cut, the place where they were to be sawed, and the number of logs for particular orders. He was cutting ahead of three loggers, and it was his "job" to cut enough

timber to keep the loggers busy. His employment could be terminated at any time.

Appellant contends that it did not control the minute details of the manner in which the work was to be performed. It is argued that while appellant may have directed the deceased what was to be done and when it was to be done and where it was to be done, the employee relationship did not exist because the appellant did not undertake to direct the deceased *how* the work should be done.

In the creation of the employer-employee relationship the law does not require actual and intimate control of the details of the work being performed. Sam Horne Motor and Implement Company v. Gregg, Ky., 279 S.W.2d 755. In any event the nature of the control that may be exercised is but one of the factors in determining whether or not the employee relationship exists. In the case just cited, there were cataloged nine significant considerations which aid in the solution of this problem. When we consider (1) that appellant had the right to exercise control of the deceased with respect to several details of his work, (2) the nature of the occupation, (3) the terms of employment, and (4) the concept of the parties as to the kind of job this actually was, it seems quite clear that the controlling factors place the deceased in the category of an employee.

We can find no important distinction between this case and that of Brewer v. Millich, Ky., 276 S.W.2d 12, although the latter presented a closer question. The facts there shown are similar to those here. It may be observed that the terms of employment under a written contract in that case more nearly created the independent contractor relationship than does the nature of employment in this case. Yet we held for the employee.

It is clear to us that the deceased was not engaged in an independent occupation of furnishing a specialized service to produce a pre-determined result, but that he worked regularly for appellant under continuing and changing instructions in the performance of daily work that was an integral part of appellant's business. At first and last blush he was an employee; and the referee, the Board and the circuit court properly so found.

The judgment is affirmed.