**COVE FORK COAL COMPANY, Appellant,**

v.

**Jay NEWCOMB et al., Appellee.**

Court of Appeals of Kentucky.

March 3, 1961.

Harry C. Campbell, Pikeville, for appellant.

Dan Jack Combs, Pikeville, for appellee.

MOREMEN, Judge.

On this appeal of a workmen's compensation case we are presented with the question of whether the Pike Circuit Court and the Workmen's Compensation Board erred in finding that appellee, Jay Newcomb, was an employee of the Cove Fork Coal Company.

Newcomb worked for appellant from August 4, 1954 to November 15, 1958 with the exception that for a period from January to September 1958 he worked for the Blue Diamond Coal Company. During the period of his employment with appellant company he became mine foreman and served in that capacity until the fall of 1957 when he and Sam Picklesimer who was supervisor of the mine entered into an oral contract with the company under which, instead of salaries that had theretofore been paid by the company, they would be

paid for their services out of a fund which was to be built up as follows: For each ton of coal removed from Cove Fork's mine and delivered to the tipple the company would pay the sum of $1.62 per ton. Out of this fund the miners were to be paid their wages and the surplus, if any, would be divided equally between Newcomb and Picklesimer. Under this agreement the company paid the expenses of supplies, tools, royalties, welfare fund, bookkeeping services, dues and assessments, and normal expenses that are incurred in a mining operation. In addition the company which owned the coal and all the mining facilities, sold or disposed of the coal, paid all employees, including Newcomb and Picklesimer, paid workmen's compensation premiums, social security, unemployment compensation, and withheld taxes and other deductions for all people at the mine, including appellee, and furnished him on a W–2 form information upon which appellee based his income tax return.

After Newcomb filed his application for compensation it was stipulated before the board that "plaintiff and both defendants were operating under the provisions of the Workmen's Compensation Act at the time alleged in plaintiff's Form 11."

On this appeal appellant contends that Newcomb and Picklesimer were partners who were employers rather than employees of the coal mining company, and argues that their status at the time was that of independent contractors. Reliance is had upon Turner v. Lewis, Ky., 282 S.W.2d 624, 625, where a foreman leased a mine under an oral agreement. He had complete control of the method of operation. He hired and fired the employees. He received $2.40 for each ton of coal delivered to the tipple. The lessor owned equipment and machinery used by the foreman and sold the coal. Other details about the operation were not disclosed in the opinion. A miner was injured and in a tort action brought by his administratrix—not a workmen's compensation claim—against the owner of the mine it was held that the foreman was an independent contractor and no recovery could be had. The opinion accepted "the right of work control" as being the sole standard for deciding whether a person is an independent contractor, saying:

"If the employer retains the right to control the work and the manner in which it is done, those doing the work are servants. On the other hand, if an employee has the right to control the manner of work and the right to determine the means by which results are accomplished, he is deemed an independent contractor and the employer is not responsible for his negligence. Blair v. Boggs, Ky., 265 S.W.2d 795; Eutsler v. Huff, 222 Ky. 48, 299 S.W. 1070; Glover's Adm'r v. James, 217 Ky. 572, 290 S.W. 344; Stearns Coal & Lumber Co. v. Spradlin, 176 Ky. 405, 195 S.W. 781. In each of these cases it was pointed out that the lessor of a coal mine was not responsible for the negligent acts of his lessee where the latter had control of the mine."

█ In the same year (1955), a short time before that opinion, in a case where the complaint was also founded in tort we set forth more elaborate criteria for determining master and servant relationship. In Sam Horne Motor & Implement Co. v. Gregg, Ky., 279 S.W.2d 755, we accepted the dicta in Restatement of the Law, Agency, Subsection (2), Section 220, and set forth nine significant elements to be considered when determining whether one is acting for another as a servant or as an independent contractor. Although the matter of control was given prominence, other factors to be considered were whether the employee is engaged in a distinct occupation or business, whether the work is usually done under the direction of the employer or by a specialist without supervision, whether the employer or the workman supplies the tools and the place of work for the person doing the work, the length of time for which the person is employed, the method of payment, whether by time or by

the job, and whether the work is a part of the regular business of the employer. We agreed that all these things must be considered. But the approach to the determination of master and servant relationship in workmen's compensation cases is somewhat different although many of the elements may be used. In Brewer v. Millich, Ky., 276 S.W.2d 12, it was pointed out that the approach to be used in determining the relationship of employer-employee under the Workmen's Compensation Act is broader and uses a more liberal construction favorable to the employee than the approach used in determining the relationship of master and servant or principal and agent in tort actions.

In Partin-Lambdin Lumber Co. v. Frazier, Ky., 1958, 308 S.W.2d 792, it was stated that the creation of the employer-employee relationship does not require actual and intimate control of the details of the work being performed, and it was indicated that all nine points catalogued in the Gregg case were significant in giving aid to the solution of this problem in compensation cases. In Cutshin Coal Co. v. Campbell, Ky., 309 S.W. 2d 39, we affirmed again the principles announced in the Brewer and the Partin-Lambdin Lumber Co. cases above cited. It is plain that since the decision in Turner v. Lewis, Ky., 282 S.W.2d 624, 625, relied upon by appellant, many additional elements must be considered in determining the relationship of master and servant or employer and employee other than the single item used—control of work. This case is no longer authority in workmen's compensation cases.

When we consider the many factors outlined in the Gregg case as a guide and apply them to the facts of this case, we find that: (1) The control by the company of the details of the actual mining operation was not great. We are informed however that in most mining operations the details are left to the superintendent and the mine foreman. The Kentucky Statutes place many duties directly on the mine foreman to the exclusion of all others—see KRS 352.230 to 352.370—and require special certification by the state before he may embark on his duty. KRS 351.100 to 351.-120. Therefore work control in this instance is not of much importance. (2) Newcomb was not engaged in a business distinct or separate from the one engaged in by the mining company. (3) The job of mine foreman is performed under the general supervision of the employer, not by a specialist who is brought in to perform the task without any supervision. (4) The employer here supplied the place of work and the tools and implements for doing the work. (5) The employment seems to have been for an indefinite period similar to any employment terminable at will by either party. (6) The method of payment was based on piece work. To us this seems but a different method of determining the amount of pay and of creating incentive for greater effort than would be afforded under a straight salary. (7) The work was undoubtedly a part of the regular business of the employer. We have omitted several items which we believe under the particular facts of this case are of no value to us.

The agreement between the employer and the employee changed nothing except the manner and method by which Newcomb's earnings were computed and we are of opinion that the board and the court were correct in determining that the employer-employee relationship existed. In view of our finding it is not necessary to discuss matters of estoppel which were presented by the facts in this case.

Judgment affirmed.