**Ida JOHNSON, Appellant,**

v.

**Elizabeth M. WINBURN, Ex'x of the Estate of G. L. Wainscott, Appellee.**

Court of Appeals of Kentucky.

Nov. 10, 1961.

Rehearing Denied Feb. 16, 1962.

Redwine & Redwine, Winchester, for appellant.

C. W. Swinford, Lexington, for appellee.

STEWART, Judge.

The sole question in this workmen's compensation case is whether there is evidence to support the finding of the Board that Daniel Boone Johnson, who lost his life in an accident, was not an employee of the owners of a building under repair but was engaged as an independent contractor.

The estate of G. L. Wainscott owned, leased and maintained a number of different properties in Clark County. The executrix, Elizabeth M. Winburn, or her husband for her, looked after keeping the buildings in repair. The decedent, Johnson, and Robert Reeves were carpenters. The estate employed Reeves to put a steel beam in a first floor ceiling of a leased business house, and he hired Johnson to help. While the men were so engaged, the upper floor fell and Johnson was killed. His widow filed claim against the estate for workmen's compensation.

It appears the claim was first referred to a referee by the name of Rodney Thompson to determine the question of whether the employer was operating under the Workmen's Compensation Act (herein called "the Act"). For some undisclosed reason Charles B. Lester, another referee, reported on the evidence taken and found the Workmen's Compensation Board had no jurisdiction over the case, as the estate did not come within the application of the Act. More definitely, the referee concluded Johnson was an independent contractor and, hence, his widow was precluded from recovering.

Upon a full Board review, it was ruled the Board did have jurisdiction to adjudicate the claim because the estate had accepted the Act and was operating under it. The case was then ordered re-referred to Thompson, the first-mentioned referee, for additional evidence to be heard on the question of whether Johnson was an employee of the estate or, instead, an independent contractor.

Another referee, upon the basis of further proof that was taken and considered, confirmed the original finding of referee Lester, namely, that Johnson was not an employee of the estate but was an independent contractor. This finding was upheld by the Board and, upon review, by the circuit court. This appeal followed.

■ Appellant contends the finding of the Board, first noted above, was conclusive on the question of the employer-employee relationship and, for this reason alone, her claim should have been sustained. That ruling was only that the estate had accepted the provisions of the Act in the management of its business and in the maintenance of its other properties. It has no bearing on the question before us as to whether or not Johnson was an employee of the estate; in fact, this was the sole issue re-referred to the referee for a finding.

■ The facts, as found by these referees and fully sustained by evidence, may be summarized. Robert Reeves was employed by different persons in his community to do carpentry work by the hour and not by the job or contract. He had been so hired previously by the estate to work on different buildings. In doing each job, he furnished his own tools, exercised complete control over the details and put in such hours as suited him. He hired his helpers by the hour, and they followed the same plan as he. Upon completion of a job, Reeves would submit to the person who had employed him the time of himself and his helper and would receive a check for the entire wages without any deduction being made for social security taxes. These taxes would be withheld by Reeves from the payments he made to Johnson.

On the occasion when Johnson was killed, Reeves had procured Johnson to assist him, and Reeves was compensated by the estate for the hours he and Johnson had worked. Reeves paid Johnson's widow for the labor the decedent had done on this job. While the work was going on, Elizabeth M. Winburn's husband, who represented the estate, would come by and look on, but never did he undertake any supervision or control over it.

Appellant points to the statements of Reeves to the effect that Mr. Winburn told him what to do and otherwise supervised the job. She claims the employer-employee relationship was proved by Reeves' answer that Johnson was "working for Mrs. Winburn" when he was asked whether Johnson was working for him or Elizabeth M. Winburn. He stated definitely that he received the money from her and delivered it to Johnson as "an errand boy." Appellant also rests her claim upon evidence that appellee's check stub showed how much of the final check was for Reeves and how much for Johnson.

It is apparent there is evidence to support the findings of fact by the Board. The question becomes a legal one whether the facts so found established or did not establish the employer-employee relationship as between the estate and Johnson.

In Sam Horne Motor and Implement Co. v. Gregg, Ky., 279 S.W.2d 755, we recognized the distinguishing factors between an employee and an independent contractor as laid down in the Restatement of the Law of Agency, Vol. 1 (Agency 2d), § 220(2), pp. 485, 486. In Cove Fork Coal Co. v. Newcomb, Ky., 343 S.W.2d 838, we referred to the Gregg case (an automobile tort action) and noted that there is a more liberal construction in favor of a claimant for workmen's compensation as an employee than there is in determining the relationship of master and servant or principal and agent in tort actions. Appellant relies on that case. The facts here are materially different.

The relationship of Reeves to the estate was that of an independent contractor; it was he and not the estate who hired Johnson to help him do the job. The fact that Reeves received his wages and the amount of wages he paid Johnson from the estate does not change the basic situation. We, therefore, believe the Board's finding should not be disturbed.

Wherefore, the judgment is affirmed.