**Samuel BALL, Appellant,**

v.

**BEATRICE FOODS COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

Oct. 29, 1965.

G. C. Perry, III, Paintsville, O. T. Hinton, Pikeville, for appellant.

Baird & Hays, E. R. Hays, Pikeville, for appellee Beatrice Foods Co.

J. A. Runyon, Friend & Mullins, Pikeville, for appellees Smith and Horne.

L. D. May, Pikeville, for appellee Childers.

WILLIAMS, Judge.

Appellant Samuel Ball claims he has the right to recover from somebody for damage done to his truck. Judgment of the Pike Circuit Court denied recovery. Hence this appeal.

Appellant's truck driver parked the large coal truck, which was later damaged, in front of a grocery store operated by appellee Lauchie Childers. Appellees Arnold

Smith, a driver-salesman for Beatrice Foods Company, and Andrew Horne, a self-employed distributor of Gordon's Foods Products, were in Childers' store, making deliveries. Childers, who is crippled, asked Smith and Horne to move the truck. They complied by hitching another truck to the coal truck and pulling it away. They did not realize that the coal truck was equipped with air brakes, which functioned only when the ignition was turned on. As a consequence, once the coal truck started moving, they could not stop it and it crashed into a tree.

Appellant sued Smith and Horne, Gordon Foods, Beatrice Foods and Lauchie Childers. Gordon Foods was dismissed on appellant's motion when it developed that Horne was not an employee of Gordon Foods but an independent contractor. After a pre-trial conference, the complaint was dismissed as to Smith, Horne and Beatrice Foods, leaving only Childers as a defendant. A jury trial against Childers was had and appellant lost.

Appellant asks that the judgment of the Pike Circuit Court be reversed and that a judgment be entered against all of the appellees, but he gives us no reason why Gordon Foods, which was dismissed on appellant's own motion, should be held liable. Neither does he advise us why Beatrice Foods should be retained in the case when it is obvious that their driver, Horne, was not acting within the scope of his employment when he took it upon himself to move the coal truck. Nor does appellant point out any error committed in the jury trial he had against Lauchie Childers. We assume that as to those three appellees appellant is not pressing for a reversal. We are left then with the question of whether the two men, Smith and Horne, one who towed the coal truck, the other who steered it, should have remained in this case.

■ The first question raised is a technical one. The trial judge dismissed the case as to all appellees except Childers on August 1, 1962. Appellant moved the court to set aside the order on February 6, 1964. On February 14, 1964, the Pike Circuit Court overruled that motion, and in such order stated that it was final. No recitation that there was no just reason for delay, as required by CR 54.02 in order to make the order appealable, was made. Appellees argue that, since appellant did not timely appeal from the February 14, 1964, order, he cannot now complain. This argument is not well taken, since that order did not meet the requirements of CR 54.02 in that it did not recite that there was no just reason for delay, and consequently that order was not appealable. Linkous v. Darch, Ky., 299 S.W.2d 120. When more than one claim for relief is presented in an action, a judgment upon less than all of the claims shall become final and appealable only if it is recited therein that such judgment is final and that there is no just reason for delay. Clay, Ky.Practice, Vol. 7, CR 54.02, comment 5, at page 134. The appeal from the order dismissing Horne and Smith is timely.

■ Appellees assert that a master-servant relationship existed between Childers and Horne and Smith in that Childers requested Horne and Smith to push the truck out of the way. They also contend that the jury verdict, which absolved Childers of any liability, acts as a bar to any claim against Horne and Smith on a new trial. That argument is defective because no master-servant relationship actually existed. Childers had neither control nor supervision over Horne and Smith, nor did he direct the method and means of moving the coal truck. In Blair v. Boggs, Ky., 265 S.W.2d 795 (1954), we held:

"The essential characteristic of the master and servant relation is the retention by the employer of the right to direct and control the manner in which the work will be performed and to determine not merely the result, but the methods and means by which the result is to be accomplished. * * *"

We are of the opinion that appellant has the right to a trial to have the liability of Horne and Smith determined.

Insofar as the judgment declares no liability against Gordon's Foods Products, Beatrice Foods Company, and Lauchie Childers, it is affirmed. The judgment is reversed as to Horne and Smith, and the case is remanded for trial to determine the liability of Horne and Smith.