MATZ, FISHER & BOYDEN, for appellant.

MAX·KRAUSS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*what evidence as to collision is admissible.* In an action for damages to an automobile caused by a collision with a motor truck, statements made by servants of the defendant from two to five minutes after the collision occurred to the effect that the brakes of the motor truck were out of order and they could not stop it, that they had seen the driver of the plaintiff's automobile hold out his hand as a signal that he was going to turn, and that the motor truck was going at the rate of forty miles an hour, were merely narratives of completed past events and were not a part of the *res gestae,* and the admission of such statements as evidence was erroneous and prejudicial, the question as to negligence and contributory negligence being closely conflicting.

2. AUTOMOBILES AND GARAGES, § 3*—*what damages are recoverable in case of collision.* In an action for damages to an automobile caused by a collision with a motor truck, the proper measure of damages was the cost of the repairs necessary to be made on the plaintiff's automobile, and the reasonable value of the loss of the use of it while being repaired.

3. INSTRUCTIONS, § 20*—*when cautionary instruction may be given.* The giving or refusing of an instruction cautionary in character is largely within the discretion of the trial court.

---

## Harry C. Moir, Defendant in Error, v. Austin H. Hart, Plaintiff in Error.

### Gen. No. 19,233. (Not to be reported in full.)

Error to the Muncipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the March term, 1913.   Reversed with finding of fact.   Opinion filed November 25, 1914.

## Statement of the Case.

Suit by Harry C. Moir against Austin H. Hart to recover damages for injuries to an automobile top alleged to have been occasioned by the negligence of defendant.   There was a finding and judgment against defendant for one hundred and twenty five-dollars, and he brings error.

JAMES TURNOCK, for plaintiff in error.

JOHN D. PETERSON and JACOB L. FOX, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1.  AUTOMOBILES AND GARAGES, § 2*—*when injury in collision is result of accident.*   Where a person operating an automobile at a street crossing in a proper manner and at a slow rate of speed, applied the brakes suddenly to avoid striking a pedestrian who ran in front of the car and the act caused the car to skid slightly and to come in contact with another car standing at the curb, injuring a portion of the top of such car, such injury was the result of an accident for which the person operating the automobile could not be held liable to respond in damages.

2.  NEGLIGENCE, § 1*—*what is negligence.*   Negligence is the failure to bestow the care and skill which the situation demands, and if one exercise the degree of care required of a reasonably prudent man under the circumstances, he is not negligent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.