## DAVIS v. PERE MARQUETTE RAILWAY CO.

**1.** RAILROADS—NEGLIGENCE—DUTY OF DRIVER IN CROSSING TRACKS.
An automobile driver approaching a railroad crossing, who, to ascertain whether a train is approaching, stops his car at a point where he has no view of the track, must exercise precautions commensurate with the situation, in proceeding to cross.

---

[1]Railroads, 33 Cyc. pp. 982, 983, 1018; 22 R. C. L. 1014, 1015; 4 R. C. L. Supp. 1484, 1485; 5 R. C. L. Supp. 1220; 6 R. C. L. Supp. 1347.

2. SAME—CONTRIBUTORY NEGLIGENCE—ICY CONDITION OF HIGHWAY
—PROXIMATE CAUSE.

An automobile driver who, after stopping his car 40 feet
from a railroad crossing, where he had no view of the
track, proceeded to cross, when he discovered a train ap-
proaching, but was unable to stop his car owing to the
icy condition of the road, and it skidded in front of the
train and he was injured, was guilty of contributory neg-
ligence as matter of law; the proximate cause of the
accident being the condition of the highway and the
driver's inattention thereto.

3. SAME—IF NECESSARY DRIVER MUST GET OUT AND ASCERTAIN
WHETHER TRAIN APPROACHING.

An automobile driver approaching a railroad crossing
who cannot be sure otherwise whether a train is danger-
ously near, must stop and get out of his car, and, if he
relies upon not hearing the train or any signal, and takes
no further precaution, he does so at his own risk.

Error to Livingston; Collins (Joseph H.), J. Sub-
mitted October 11, 1927. (Docket No. 66.) Decided
December 1, 1927.

Case by Otis L. Davis against the Pere Marquette
Railway Company for personal injuries. Judgment
for plaintiff. Defendant brings error. Reversed,
and no new trial ordered.

*W. K. Williams* and *John C. Shields* (*F. J. Shields*,
of counsel), for appellant.

*Bresnahan & Groefsema* and *Harry Messimer*, for
appellee.

WIEST, J. This is an action to recover damages
for personal injuries. Plaintiff lived in the village
of Fowlerville. The morning of January 7, 1926,
about daybreak, he started to drive in a Ford
coupé to his farm. Near his home, and in the

---

[2]Railroads, 33 Cyc. p. 1015; [3]Id., 33 Cyc. pp. 1019, 1021.

village, his way brought him to the highway crossing of defendant's railroad tracks. He was driving with the car lights on. When he reached a point about 40 feet from the railroad crossing he stopped his car and looked and listened. At that point he could not view the railroad tracks to the east because of an elevator, box car, and flag shanty. Hearing no train, he started to make the crossing, and, while in a zone of safety under ordinary road conditions, he became aware of an approaching train from the east, applied the brakes to his car and would have stopped in safety but, on account of ice covering the highway, his car skidded into the path of the locomotive. He was injured, brought this suit, and had judgment for $5,000 in the circuit. Defendant reviews by writ of error.

Plaintiff first stopped where he had no view of the track, and this placed upon him the duty of exercising precautions commensurate with the situation. This duty we will mention again. As he approached the tracks he discovered the oncoming train and had space within which to stop under ordinary conditions, and attempted to stop, but could not accomplish the ordinary stop because of ice covering the highway. It is manifest the accident would not have happened if the highway had not been coated with ice. This coating of ice was not merely at the point of the accident but general throughout the village. The condition of the highway was open to plaintiff's observation and should have been noted by him as a factor to be considered in operating his car. Every driver of a motor vehicle is bound, in using a highway, to notice the condition thereof occasioned by climatic incidents. If we accord plaintiff's testimony every reasonable intendment, it is clear that the condition of the highway and his want of care caused the accident. The proximate cause of the accident was the ice upon the public highway and plaintiff's inattention thereto, and de-

fendant's negligence, if any, afforded but a culmination to such prior cause to which it bore no causal relation.

Plaintiff was guilty of contributory negligence as a matter of law. There is a standard of conduct, based on the rule of reasonable care, to which all drivers of motor vehicles must conform or bear the consequences. This standard is stated by the Supreme Court of the United States in *Baltimore & Ohio R. Co.* v. *Goodman*, U. S. Adv. Ops. 1927, 28, p. 22 (48 Sup. Ct. 24), and we quote therefrom:

"When a man goes upon a railroad track he knows that he goes to a place where he will be killed if a train comes upon him before he is clear of the track. He knows that he must stop for the train, not the train stop for him. In such circumstances it seems to us that if a driver cannot be sure otherwise whether a train is dangerously near he must stop and get out of his vehicle, although obviously he will not often be required to do more than to stop and look. It seems to us that if he relies upon not hearing the train or any signal and takes no further precaution he does so at his own risk. If at the last moment Goodman found himself in an emergency it was his own fault that he did not reduce his speed earlier or come to a stop. It is true, as said in *Flannelly* v. *Delaware & Hudson Co.*, 225 U. S. 597, 603 (32 Sup. Ct. 783, 44 L. R. A. [N. S.] 154), that the question of due care very generally is left to the jury. But we are dealing with a standard of conduct, and when the standard is clear it should be laid down once for all by the courts. See *Southern Pacific Co.* v. *Berkshire*, 254 U. S. 415, 417, 419 (41 Sup. Ct. 162)."

Defendant's motion for a directed verdict should have been granted.

The judgment is reversed, without a new trial, with costs to defendant.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.