No. 30,669.

WILLIAM G. HOLLOWAY, *Appellee*, v. ALEX M. TELFER, *Appellant.*

(12 P. 2d 826.)

Opinion filed July 9, 1932.

*J. E. McFadden, O. Q. Claflin, Jr.,* both of Kansas City, and *F. M. Harris,* of Ottawa, for the appellant.

*Ralph Page,* of Ottawa, *Thomas E. Deacy, Floyd E. Jacobs* and *Mitchell J. Henderson,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: In this action plaintiff recovered damages for personal injuries sustained in an automobile casualty, and defendant has appealed.

The sole question argued here is the misconduct of plaintiff's counsel in injecting the question of insurance into the case.

The facts may be outlined as follows: Plaintiff was employed in the post office at Lawrence. His duties included the delivering of special-delivery letters. On the evening of the casualty he had a number of such letters to deliver. He stopped the car in which he was riding on a north-and-south paved street and went up a terrace to a house on the west side of the street to deliver a letter. It was about 9:30 o'clock in the evening and he carried a flash light. As he came down the terrace to the pavement he looked to the north and saw no cars coming; he looked to the south and saw two automobiles, one behind the other, approaching. Both were near the center of the pavement, or a little east of it. He stepped onto the pavement, started to walk across it to his car, which was on the east side, and had taken but a step or two when he was struck by defendant's car. Defendant's car was the south one of the two plaintiff had seen approaching. Defendant had turned to the left to drive around the car ahead of him when he struck plaintiff. Plaintiff was knocked down, his right arm was broken above the elbow, and he was otherwise bruised.

In questioning a juror on his *voir dire* plaintiff's counsel asked if he was interested or owned any stock in an insurance company the main object of which was to indemnify a person against accidents or injuries. The court sustained an objection to the question. Plaintiff's counsel then stated:

"The evidence will develop that defendant got out of the car, came back to the man on the walk or the pavement and right there, that moment, he told the plaintiff in this action that he was sorry, that he carried insurance for the purpose of protecting against that very thing and for that reason and that reason alone, I have asked this question."

The court observed that it did not see what difference it would make, but if plaintiff was going to prove that statement it would let the juror answer the question. Defendant objected particularly to the statement about liability insurance on the ground that it was made solely for the purpose of prejudicing the jury. The court remarked:

"Well, this is a simple-minded jury if they let the fact that a person has insurance influence their verdict, but it may be introduced as a statement that the defendant may have made, be a part of the *res gestœ*, part of the occurrence that took place. Of course, it is a statement rather than an argument."

After plaintiff had testified to the facts leading up to the injury and that he had been knocked down, that defendant had stopped

his automobile and he and another person got out of it, he was asked and answered questions as follows:

"Q. Did he say anything to you at that time? A. He said he was sorry that it happened; he was driving fast; said he was in a hurry to get to the depot; that he would see I was taken care of though; he just had to go.

"Q. Anything else? A. I don't remember anything else."

He further testified that a Mr. Moyer, who worked in the post office with him, came and took him to the post office, and a few minutes later defendant came in. These questions were asked and answered:

"Q. Did you hear any conversation between Mr. Telfer and Mr. Moyer there at that time? A. Yes, sir.

"Q. Did Mr. Telfer make any statement concerning this accident? A. Yes, sir; he said he was sorry it happened; he was driving fast; that he was in a hurry; that he wanted to see I was taken care of though; he wanted to be sure I had medical aid; he would see that I was taken care of."

After asking other questions plaintiff's counsel reverted to the matter of the casualty and these questions were asked and answers given:

"Q. And I believe you stated that the defendant and another man came back to where you were lying there? A. Yes, sir.

"Q. I will ask you to state whether or not the defendant at that time said anything to you about insurance?"

Defendant objected as incompetent, irrelevant and immaterial and misconduct of counsel, and asked that the jury be discharged because of such misconduct. This request was overruled. The court said:

"Why don't you examine as to what was said?

"COUNSEL FOR DEFENDANT: He did and the witness didn't say anything.

"BY THE COURT: Proceed. The objection is sustained.

"Q. I will ask you to state, Mr. Holloway, in detail the best you can what this defendant said to you there on the night of the injury."

Defendant's objection on the ground it was a repetition was overruled.

"Q. Tell us what was said. A. Mr. Telfer came up to me and said, 'I am sorry this happened.' He says, 'I was driving fast, but I was trying to make a train,' something like that, I don't exactly remember, and he stated something about he had liability insurance, had an insurance policy that would cover this case. He said he would see, 'I will see you are taken care of.' I remember that very distinctly."

Defendant objected to the answer and asked that it be stricken out as prejudicial and as the result of an improper question. This was overruled.

Moyer testified that someone telephoned him and he went to the scene of the casualty, found plaintiff and his car, and took him to the post office; that soon thereafter defendant came in. In answer to a question he stated:

"A. I had no conversation with Mr. Telfer. As we went into the lobby he and another gentleman were standing in the lobby. Mr. Holloway said, 'That is the man,' some such remark. I called up the doctor and as we stepped out Mr. Telfer and the other gentleman went out the door with us. He asked if there was anything he could do. I told him no, I had called up the government physician and we were going to the office then to have Mr. Holloway's arm set. He said the gentleman with him was in a hurry to catch a train and if there was nothing he could do he would take the gentleman to the train. Then he made the statement he carried accident insurance. . . .

"ATTORNEY FOR DEFENDANT: I move to strike out this part of the answer as incompetent, irrelevant and immaterial, improper statement of the witness.

"Q. I don't believe you got to finish your answer. A. He made the statement he carried accident insurance and he would take care of any expense which might arise.

"ATTORNEY FOR DEFENDANT: I renew my objection.

"BY THE COURT: Overruled."

Among other things, the court instructed the jury as follows:

"Something has crept into this case by way of statement, and I think in the evidence, in regard to the suggestion of insurance of some kind. The fact that a person may be insured, if it be a fact, and it is not suggested I think, that it has been established in this case, does not affect the merits of the case one way or the other. In arriving at your verdict you should not only dismiss that feature but you should not let it enter into the verdict that you arrive at, because, as I say, it has absolutely nothing to do with the merits of the case or the situation as it exists between this plaintiff and this defendant."

By their pleadings each party had charged the other with the violation of city ordinances and with negligence.

In cases of this character the persistent efforts of counsel to inject into the trial before a jury the inference that defendant is protected by indemnity insurance may constitute reversible error. (*Van Pelt v. Richards Paint & Paper Co.,* 132 Kan. 581, 296 Pac. 737.) That plaintiff's counsel in this case made such efforts is clear from this record. His conduct in that regard deserves severe censure. The question remains whether the judgment should be reversed because of it. The remarks of the court early in the trial admonished the jury that the fact a person has insurance should have no influence on the verdict, and in the instructions the court made that clear.

The verdict was for $1,000. Appellant concedes that is not excessive. The evidence as to plaintiff's injury would have warranted

a verdict for a substantially larger sum. Hence, the result is defendant was not injured by the misconduct of plaintiff's counsel, unless it affected the question whether plaintiff was liable in any sum. Appellant does not contend it affected that question. Defendant's negligence, resulting in plaintiff's injury, was quite clearly established. While defendant had alleged plaintiff's contributory negligence, that is a question for the jury, and under the facts in this case the possibility that a jury would find plaintiff guilty of contributory negligence is so remote as to be negligible. This no doubt accounts for the fact appellant has not urged it. We do not reverse for error which does not affect appellant to his prejudice.

The result is, the judgment of the court below must be affirmed. It is so ordered.