## Jellico Grocery Co. v. Biggs.

## Same v. Jones.

(Decided Feb. 16, 1934.)

J. B. SNYDER for appellant.

E. H. JOHNSON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Mrs. Effie Jones Biggs recovered a judgment against defendant for $500 for personal injuries, and Mrs. Rebecca Jones recovered a judgment for a like sum for personal injuries and $91.53 for damages to her automobile, and the defendant has appealed.

These suits grew out of a collision that occurred on the Tway's road about 3 p. m. Tuesday April 26, 1932, and at the "T-shaped" intersection of the "Catron's Creek" road with it. These two cases were tried together, and we shall dispose of both appeals in one opinion.

Mrs. Biggs and Mrs. Jones were riding in a Buick sedan belonging to the latter and driven by the former. They had started from Harlan to Yancey, and expected to travel the Tways road until they reached the Catron's Creek road, then to travel the latter on their way to Yancey.

The defendant had loaded its three-ton truck with merchandise, and had started it on this Tways road to Crummies creek. The sedan was in front, but the truck, which was traveling 18 or 20 miles per hour, which was a little faster than the sedan, gradually overtook it, and the truck driver testified that, as they were going down the hill and nearing where the Catron's Creek road enters the Tway's road from their right, the sedan was slowing down, he signaled to the sedan that he desired to pass, and that the sedan, which had swung to left, preparatory to turning to right into Catron's Creek road and then was near to or on the left of the center of the Tway's road, instead of moving over to the right, stopped. The purpose of these women in slowing down was to turn to the right and into the Catron's Creek road, but they found an automobile was then coming out of it with a disabled automobile in tow, hence they stopped to enable those cars to get out of that road before attempting to enter it with the sedan.

The truck was loaded to capacity. The road had a loose gravel surface. The application of its brakes in full emergency force would have caused the truck to skid on the gravel and overturn, so the truck driver undertook to pass to the left of the sedan. The forward part of the truck passed the sedan, but the wider part of it near the rear struck the sedan, with resulting injuries to it and to its occupants. He was asked why he tried to go around the sedan, and his answer was:

"We were a little bit late." "I did not try to hold the truck because it would be apt to turn over, there was fresh gravel on the road." He said there was no signal of any kind from the sedan. Mrs. Biggs testified she gave a signal with her hand, and that the Buick was equipped with a tail-light that flashed red when she applied her brakes, and that it was in good order. Both of these women say they knew nothing of this truck until it hit them. They ought to have known before stopping. Section 2739g-50, Ky. Stats. The jury has found that was not the proximate cause of the collision under instructions not complained of in the motion for a new trial.

In its motion for a new trial, the defendant complains of excessiveness of the verdicts, but, in view of the evidence, there is no merit in that. It complains because the two cases were tried together, but it had consented they should be. It complained of errors in the evidence, but has not discussed such in its brief.

It moved for a peremptory instruction, and complains of the failure to give it, but we find no error in that. There was a question here for the jury whether this collision was caused by the stopping of the sedan when and as it was, or was caused by the attempt of the truck to pass the sedan instead of stopping itself, or was caused by the failure of the driver of the truck to exercise ordinary care in the use of the means he had at hand to avoid injuring the occupants of the sedan after discovering their peril.

Mrs. Jones owned the sedan, it was being driven for her by Mrs. Biggs, thus the latter was the agent of the former, and the negligence of Mrs. Biggs is the negligence of Mrs. Jones, and Mrs. Jones is chargeable with all the results thereof, so that, if the negligence of Mrs. Biggs so contributed to the occurrence of this collision that but therefor it would not have happened, then Mrs. Jones cannot recover except under those circumstances wherein Mrs. Biggs can recover.

When Mrs. Biggs stopped the sedan without first ascertaining whether or not the movement of other vehicles, including defendant's truck, might reasonably be affected thereby, she was negligent. See section 2739g-50, Ky. Stats. If such negligence so contributed to the collision that, but for her negligence, it would not have occurred, then she cannot recover unless the driver

of the defendant's truck, who in this case owed her a lookout duty, saw or by the exercise of ordinary care should have seen, her peril in time to have avoided injuring her by the exercise of ordinary care and the use of the means he had at hand and failed to do so. The testimony of the truck driver that he did not try to stop looks like such was the case.

Defendant complains of misconduct of counsel for the plaintiffs, and he did indulge in some claptrap which is not commended, but it does not amount to a reversible error.

The judgment is affirmed.