No. 32,415

John Cannon, *Appellee*, v. E. O. Brown and The Brown Oil Company, *Appellants*.

No. 32,416

Frank J. Larcher, *Appellee*, v. E. O. Brown and The Brown Oil Company, *Appellants*.

(51 P. 2d 1007)

Opinion filed December 7, 1935.

*C. A. Matson, I. H. Stearns* and *E. P. Villepigue*, all of Wichita, for the appellants.

*Robert R. Hasty*, of Wichita, for the appellees.

The opinion of the court was delivered by

Smith, J.: These actions were for damages for injuries sustained in an automobile collision. Plaintiffs recovered. Defendants appeal.

John Cannon was driving an automobile, and Frank Larcher was riding with him. Defendant E. O. Brown owned the truck, which at the time of the collision was driven by Homer Brown. The car in which plaintiffs were riding was being driven west on a concrete highway. They had just come down a long hill. At the foot of this hill was a filling station on the north side of the road. There were

cars coming from the opposite direction and there were cars in front of the car in which plaintiffs were riding. The driver of the car directly in front signaled that he was going to turn in to the station. Cannon slowed up to avoid running into the car ahead, and as he did so the truck of defendants collided with him from the rear. There was testimony that immediately after the crash the driver of the truck said:

"I did not see you until I was almost upon you and I realized I could not stop my truck and I could not turn out around you to the left because of the cars going east, and I could not turn to the right because of the filling station and the things in the driveway, and the only thing I could do was to crash into you."

The driver of the truck testified he had examined the truck and the brakes and air hose of the truck and they were in good condition; that he had made several stops before the collision and the brakes worked all right; that he tried to slow down but the brakes would not hold; that he could have stopped if his brakes had held as they had been holding; that about three miles farther on he discovered the air hose had broken; that when the air hose was broken the truck had to be operated with the foot brakes; that he was about 50 or 75 feet away when he applied the brakes and about 25 feet away when he discovered he could not stop.

The cases were consolidated in the trial court.

The jury found for plaintiff Cannon in the amount of $653.63 and for plaintiff Larcher in the amount of $269. The answers to special questions were as follows:

"1. What was the proximate cause of the accident in question in this case? A. Negligence of the driver of the truck.

"2. Did the defendant, or his agent, use that care which an ordinarily prudent man would have used to inspect the brakes on the truck on the morning of the day of the accident? A. Yes.

"3. Did the brakes on defendant's truck work properly prior to the time the driver, Homer Brown, applied them immediately prior to the accident? A. Yes.

"4. Were the brakes and the air hose in apparently proper condition and repair at the time of the inspection? A. Yes.

"5. Did Homer Brown attempt to apply his brakes immediately before the accident? A. Yes.

"6. In the event you answer question number 5 in the affirmative, then state if there was any indication of improper brakes or defective or broken air hose until and prior to the attempt of Homer Brown to apply same immediately prior to the accident. A. No.

"7. If you answer question number 6 in the affirmative, then state what

there was to bring the condition of the defective or broken air hose or defective brakes to the attention of the defendant, or his agent, Homer Brown."

Question No. 1 was further answered by the jury on motion of defendants as follows:

"1. What was the proximate cause of the accident in question in this case? A. Negligence on part of driver in not taking due precautions in descending hill when he saw car slowing up ahead."

Defendants filed a motion for judgment on the answers to special questions notwithstanding the general verdict. This motion was overruled. The ruling is one of the errors urged by defendants.

Defendants argue that failure of brakes to operate does not impose liability on one who had examined and adjusted them two or three days before the accident, at which time they worked properly. But in this case the failure of the brakes to operate was not the proximate cause of this collision. The jury found that the proximate cause was negligence of the driver in not taking due precautions in descending the hill when he saw the car slowing up ahead. The driver going down hill at about 40 miles an hour permitted the truck to get within 75 feet of the car in front before he attempted to put on his brakes. Due care required that he keep at a greater distance in the rear. Had he done so he might have eased the force with which his truck struck the car by the use of the foot brake. He had no right to approach so close to the car in front that only the use of his air brake would prevent a collision. The jury was no doubt swayed somewhat by the evidence of the statement of the driver that "I did not see you until I was almost upon you." A proper lookout would have enabled him to lessen the force of the collision if he could not have prevented it altogether. The motion for judgment on the answers to special questions was properly overruled.

There is another error urged by defendants that requires attention. It is based upon the following direct examination of plaintiff Cannon:

"Q. Mr. Cannon, just relate what conversation you had with Homer Brown, the driver of the truck, at the time of the accident.

"Mr. Stearns: We object to that for the reason it has already been asked and answered.

"The Court: Well, if there is anything additional.

"Q. Any additional statement that you can recall, just tell what was said there. A. Well, I remember that after we got together after the accident,

Homer Brown told me that he felt it was his fault because he came over the hill so quick that he didn't have time to stop his truck and the only thing he could do was to run into us, and I asked him if his employer carried liability insurance on the truck and he said 'yes.'

"MR. STEARNS: I object to that and move that the answer be stricken out."

At this point the court asked the jury to retire. Counsel for defendants thereupon moved the court to dismiss the jury for the reason the plaintiffs had voluntarily injected into the case the question of liability insurance. After some colloquy the trial court decided to overrule the motion of defendants and instructed the jury as follows:

"THE COURT: 'The jury will be instructed that the latter part of the statement of the witness just given before you were excused will be stricken out and you are instructed to disregard it.'"

Defendants argue it was error to refuse to discharge the jury. The question was again raised on the motion for a new trial. When denying this motion the court found that plaintiff Cannon did not deliberately inject the question of insurance into the case. The inadmissibility of evidence that a defendant in a suit for personal injuries carries liability insurance is well established in this jurisdiction. In *Coffman v. Shearer*, 140 Kan. 176, 34 P. 2d 97, the court said:

"It would appear that in a damage suit for personal injury the inadmissibility of such testimony and of the trial court's duty to exclude it is no longer a subject of fair debate in this jurisdiction. And not only so, but it is only when such testimony gets into the record inadvertently that its admission can be cured by a peremptory order of the court to strike it out and for the jury to disregard it. (*Holloway v. Telfer,* 136 Kan. 80, 12 P. 2d 826.)" (p. 181.)

In this case the action of the court in overruling the motion to discharge the jury and the denial of the motion for a new trial amount to a finding that the testimony as to the liability insurance got into the record inadvertently. Such being the case, the prompt action of the trial court in advising the jury that it should not consider such evidence prevented the defendants from being prejudiced.

This view is supported by the fact that the verdicts were not excessive and by the fact that there was very little dispute as to the facts. While defendants argue that finding No. 1 was not supported by the evidence, the argument is directed at what significance should be given certain facts rather than at a dispute as to what actually happened.

This court frowns on the practice of using one means or another to give the jury a hint that the defendant is covered by liability insurance, but does not find that this case is one where the introduction of the evidence required a new trial, in view of the prompt action of the court in admonishing the jury, and the facts and circumstances showing liability.

The judgment of the district court is affirmed.