(No. 6527. March 13, 1939.)

KATHERINE COLWELL, Respondent, v. BETH BOTH-WELL and JAMES R. BOTHWELL, Appellants.

[89 Pac. (2d) 193.]

Chapman & Chapman for Appellants.

Harry Benoit and Walters, Parry & Thoman, for Respondent.

AILSHIE, C. J.—Mr. Justice Givens has written his views of this case which follow in part as a dissenting opinion. He has recited the principal essential facts in the case and the justices unanimously concur in his views as to the nonliability of appellant James R. Bothwell; and we therefore refer to his opinion for our holding on that branch of the case.

As to the liability of appellant Beth Bothwell, the majority of the court do not concur in Justice Givens' views and for that reason we are writing the following:

Miss Bothwell was driving her father's car for the school authorities, on the business of the school and under the direction of the Superintendent Mr. Smith and Finance Manager Mr. Wakem, and Miss Call, the Coach. Wakem was directed by the superintendent to take the lead and Miss Bothwell was to follow. They were instructed to make a speed of not over 40 to 45 miles per hour and the evidence discloses that they did not exceed that speed. When this accident occurred Wakem was in the lead on the right side of the road and somewhere from a half block to a quarter of a mile ahead of the Bothwell car. The truck which collided with the Bothwell car was unquestionably traveling on the wrong side of the road, that is, on the north side, as it was proceeding east. Wakem avoided the collision by entirely leaving the pavement and going into the ditch. Miss Bothwell, on seeing the Wakem car go into the ditch and the truck approaching, slowed down her car and attempted to stop and the car skidded. It was struck by the truck and turned completely around, so that after the collision the car stood facing the east from which direction it had been traveling. That the driver of the truck had been drinking and was at least in a state of intoxication, is established beyond a reasonable doubt.

The driver of the Bothwell car could have gone into the ditch and avoided colliding with the truck, but that would have been a dangerous venture and it would be unreasonable to say that she was guilty of negligence because she didn't make such venture. Furthermore, it would be asking too much of her to require her to leave the road and go into the ditch at the hazard of injuring or killing half a dozen girls in her car. Wakem in the lead took that chance and succeeded, but the evidence shows that it was at a risk which would probably be branded as negligence on his part had he killed or crippled some of his passengers. We do not understand the law to require a driver to entirely abandon the highway to a drunken or reckless driver, to avoid collision with him, unless there is a reasonably safe way of

escape open to a reasonably prudent, average driver, under the existing circumstances.

The fact that the Bothwell car skidded is not, under the circumstances here disclosed, evidence of negligence on the part of the driver of the car. Nor is the fact that she pressed the brakes hard enough to skid the car, of itself evidence of negligence where she was confronted, as here, with an approaching truck on her side of the road. As we view the record, there is nothing to justify the contention that, had she driven straight ahead, she would have missed the truck, for it appears that the truck had driven the Wakem car off the road and the Bothwell car had skidded and was cross-ways of the road where the truck immediately hit it on the right door before the car could move farther in any direction. The impact of the truck is what turned the car completely to the east, so that it is clear that the truck had not made any material change in its postion from appellant's right-hand side of the road after the brakes were applied by Miss Bothwell, and consequently, if Wakem could not pass the truck, evidently Miss Bothwell could not do so.

As we read the record in this case, we are unable to find any act or omission, on the part of the driver of the Bothwell car, which constitutes actionable negligence. Here, conceding, as we must, the most that can be claimed for the evidence, we are confronted with a question of law as to whether it is of such a substantial character as will support a verdict and judgment for negligence.

The judgment will therefore be reversed both as to James R. Bothwell and Beth Bothwell, with costs to appellants, and the cause is remanded with directions to dismiss the action.

Budge and Holden, JJ., concur.

GIVENS, J., Dissenting in Part.—Appellant, Elizabeth Bothwell, member of the Twin Falls High School girls' basketball team, scheduled to play the Blackfoot High School team there, consulted her father with regard to her using his automobile to transport the team. He at first said he had other plans which would interfere but later consented.

Appellant's statement of the circumstances of the accident giving rise to the suit herein are substantially correct as follows:

"That the basketball team was transported in two automobiles, one driven by Dale Wakem, an instructor, and the other by appellant, Beth Bothwell; that the trip was in charge of Mr. Wakem and Miss Call, the girls' athletic coach, the latter of whom directed the girls as to which car they would occupy and assigned them to their respective seats, including the respondent; that on the return trip and at a point near the home of Mrs. Jones on Kimberly Road, Mr. Wakem's car, which was in the lead, met the truck of Joe Williams after it had forced the witness Thietten off the highway, which truck was traveling on its wrong side of the highway, and forced the Wakem car to swerve off the highway and into the borrow pit, and that when the Wakem car skidded off the highway Elizabeth Bothwell applied her brakes and the car driven by her skidded to the left and across a portion of the paved surface of the highway and the truck ran into it, striking it near the front right-hand door. That the occupants of the Bothwell car did not observe the truck until just before the truck hit that car; that at or near the point where the brakes were applied the roadway had patches of mud and ice and that the Bothwell car had its two right-hand wheels on the shoulder off the paved surface at the time the brakes were applied; that the collision resulted in turning the Bothwell car completely around and it was eight inches to a foot further to the south or center of the road than it had been before the impact; that there was no place where the tracks showed that the car had been south of the center line of the highway unless it was the front wheels when it skidded around as it turned east."

The jury returned a verdict, in favor of respondent who was riding in the Bothwell automobile and was severely injured, against both appellants, upon which verdict judgment was entered and appealed from herein.

Respondent contends that under *Gorton v. Doty*, 57 Ida. 792, 69 Pac. (2d) 136, the evidence shows Miss Bothwell was the agent of her father, making him liable for her negligence.

The case herein is similar to the Doty case and is controlled by it to this extent: here as therein the pupils were instructed by the teachers in which cars they should ride, whereby the court there held as a matter of law they were not guests of the driver or owner of the automobile, but there the similarity ceases. The placing of responsibility on the owner of the car in the Doty case was based on this testimony of Miss Doty, owner therein, that "I said that he (Russel Garst, driver of the automobile) might use mine (automobile) if he drove it," which the court held was sufficient to sustain the verdict on the theory that the owner of the car had made that specific individual, Russel Garst, restrictively her agent to drive the car. It is virtually conceded neither the family purpose doctrine (*Gordon v. Rose*, 54 Ida. 502, 33 Pac. (2d) 351, 93 A. L. R. 984) nor mere ownership in the automobile, since without dispute no purpose of James R. Bothwell was being served by the trip (*Willi v. Schaefer Hitchcock Co.*, 53 Ida. 367, 25 Pac. (2d) 167) applies or is adequate to show agency liability. Thus the only evidence to sustain agency herein or make James R. Bothwell responsible for the acts of Elizabeth Bothwell as his agent was this cross-examination of Miss Bothwell: "and your father understood you were to drive the car on this trip?" Answer: "Yes." The question was objected to on the ground it assumed something not in evidence and called for a "conclusion of the witness as to what her father understood."

In the first place the objection was good as calling for a conclusion as to the state of mind of one other than the witness. (*Keane v. Pittsburgh Lead Min. Co.*, 17 Ida. 179, 189, 105 Pac. 60.) In the second place the usual and ordinary definitions of the words "understood" and "understand" do not sufficiently make it equivalent to the admonition accompanying the loaning of the car in the Doty case held to be sufficient therein to establish that appellant James R. Bothwell directed his daughter herself, and no other, should drive the automobile.

The insufficiency of the evidence herein to show agency is further emphasized by Miss Bothwell's testimony on cross-examination thus:

"Q. Elizabeth, did you have any conversation with your father about the use of this car in which anything was said about who would drive the car?

"A. No, I don't believe anything was said about that."

Thus there being no sufficient evidence to show agency the judgment against James R. Bothwell should be reversed and the cause as to him dismissed.

As to appellant Beth Bothwell there remains among others the question (which, because the majority holding reversing the case is alone discussed, none of the others being prejudicial) of whether the evidence shows sufficient negligence on her part to sustain the verdict. Section 48–515, subd. a, is as follows:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway."

The rule is quite generally declared to be that one driving an automobile following another must drive so as to be able to stop quickly enough or otherwise maneuver to prevent injury to others, taking into consideration the condition of the road, speed, volume, kind, extent, hazards and flow of traffic, obstacles along or adjacent to the road and all other circumstances which may be reasonably anticipated to affect the operation of the automobile by the one following and in connection therewith. (*Hedberg v. Cooley*, 115 Conn. 352, 161 Atl. 665; *McDonough v. Smith*, 86 Mont. 545, 284 Pac. 542; *Gornstein v. Priver*, 64 Cal. App. 249, 221 Pac. 396; *Power v. Crown Stages Co.*, 82 Cal. App. 660, 256 Pac. 457, 460; *Cirquitella v. C. C. Callaghan Inc.*, 331 Pa. 465, 200 Atl. 588; *Grayhound Cab Co. v. Sewell*, 172 Md. 699, 190 Atl. 814; *Adams v. Morgan*, (La. App.) 173 So. 540; *Ritter v. Johnson*, 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270; *Williamson v. Clark*, 103 Vt. 288, 153 Atl. 448; *Stromer v. Dupont*, (La. App.) 150 So. 32; *Jellico Grocery v. Biggs*, 252 Ky. 827, 68 S. W. (2d) 429; Berry on Automobiles, vol. 2, p. 524; Blashfield, Cyc. of Automobile Law, sec. 942; Huddy, Cyc. Automobile Law, vols. 3–4, p. 194, sec. 121; 42 C. J. 949.)

While varying distances between leading and following cars have been held either too close or sufficient, as bearing

on negligence, (*Cannon v. Brown,* 142 Kan. 700, 51 Pac. (2d) 1007, 1008), and while some cases hold skidding of itself does not show negligence (*Simpson v. Jones,* 284 Pa. 596, 131 Atl. 541; *Pinckard v. Pease,* 115 Wash. 282, 197 Pac. 49; *Moir v. Hart,* 189 Ill. App. 566; *Smith v. Levison,* 222 App. Div. 310, 226 N. Y. Supp. 311); some that as a matter of law skidding is negligence (*Minneapolis St. Ry. Co. v. Odegaard,* 182 Fed. 56; *Knudson v. Bockwinkle,* 120 Wash. 527, 208 Pac. 59; *Deitchler v. Ball,* 99 Wash. 483, 170 Pac. 123; *Davis v. Pere Marquette Ry. Co.,* 241 Mich. 166, 216 N. W. 424), the rule more consonant with the decisions of this court is that under the circumstances here, that is the condition of the road, the distance between the Wakem and Bothwell automobiles, speed, and the fact that the Bothwell automobile, although immediately prior to the accident apparently well on the north side of the road, skidded to the left at least to the extent that it did not go straight ahead or off to the right onto the berm or into the borrow-pit, the question of her negligence was for the jury. (*Burns v. Cote,* 86 N. H. 167, 164 Atl. 771; *Tente v. Jagloaicz,* 241 Ky. 720, 44 S. W. (2d) 845, 848; *Bloom v. Allen,* 61 Cal. App. 28, 214 Pac. 481; *Keys v. Griffith,* 153 Or 190, 55 Pac. (2d) 15; *Koppang v. Sevier,* 106 Mont. 79, 75 Pac. (2d) 790; *Fitzpatrick v. Pralon Cleaners & Dyers,* 129 Pa. Super. 437, 195 Atl. 644; *Gilreath v. Blue & Grey Transp. Co.,* 269 Ky. 787, 108 S. W. (2d) 1002; *Sisson v. Anderson,* 165 Va. 629, 183 S. E. 431; *National Liberty Ins. Co. v. Foth,* 254 Mich. 152, 235 N. W. 821; *DeAntonio v. New Haven Dairy Co.,* 105 Conn. 663, 136 Atl. 567; *Glennie v. Falls Equipment Co.,* 238 App. Div. 7, 263 N. Y. Supp. 124; *Nafziger v. Mahan,* (Mo. App.) 191 S. W. 1080.)

Conceding that Williams was guilty of negligence in being under the influence of liquor and driving his car on the wrong side of the road and thus caused the Wakem car to suddenly slow down, necessitating the sudden slowing of the Bothwell automobile and therefore his conduct was one of the proximate causes contributing to the accident and respondent's injury, there likewise remains the question of whether Miss Bothwell was negligent and her negligence was one of the proximate causes contributing to the accident

thus rendering her liable. (*Brose v. Twin Falls Land & Water Co.,* 24 Ida. 266, 133 Pac. 673, 46 L. R. A., N. S., 1187.) This is particularly so because the appellants offered evidence that the brakes of the Bothwell automobile were in good condition and a speed of over 35 miles an hour is *prima facie* negligent. (Sec. 48–504, I. C. A.)[1] If the brakes were in perfect order then it was a question for the jury whether if the Bothwell car had not been so close to the Wakem car or had not been traveling at the speed of 45 to 50 miles an hour, itself *prima facie* negligence under sec. 48–504, subd. b.8, I. C. A., *supra*, the surface of the pavement being somewhat wet and the berm or shoulder muddy, it could have been slowed down without swerving or skidding or slowed down enough to turn to the right to avoid the truck even though the truck was on its wrong side of the road. The jury might well have considered, and evidently did so consider, that the Bothwell car could have avoided the accident, or should have, if it was not being driven negligently, by means other than being driven down into the borrow-pit. It was legitimate for the jury to consider that Wakem, both his auto and the Bothwell car traveling at about the same rate of speed, had without injury to anyone extricated himself from the problem presented by the Williams' eratic and menacing approach. True Beth Bothwell was faced with the additional element of being the following car, but that was merely one more condition to be taken into consideration in exercising the necessary due care and circumspection to avoid

[1] Sec. 48–504, subd. b. 8, I. C. A., is as follows:

"b. Subject to the provisions of subdivision a of this section and except in those instances where a lower speed is specified in this chapter, it shall be *prima facie* lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such a speed would be unsafe it shall not be lawful.

"8. Thirty-five miles an hour under all other conditions.

"It shall be *prima facie* unlawful for any person to exceed any of the foregoing speed limitations except as provided in subdivision c. of this section. In every charge of violation of this section the complaint, also the warrant or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the speed which this section declares shall be *prima facie* lawful at the time and place of such alleged violation."

negligence. This court has at numerous times reiterated that where reasonable minds might differ the question of negligence is for the jury. (*Adams v. Bunker Hill & Sullivan Min. Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Wheeler v. Oregon R. etc. Co.*, 16 Ida. 375, 102 Pac. 347; *Pilmer v. Boise Traction Co.*, 14 Ida. 327, 94 Pac. 432, 125 Am. St. 161, 15 L. R. A., N. S., 254; *Carr v. Wallace Laundry Co.*, 31 Ida. 266, 267, 170 Pac. 107; *Cooper v. Oregon Short Line R. Co.*, 45 Ida. 313, 262 Pac. 873; *Brown v. Jaeger*, 46 Ida. 680, 271 Pac. 464; *Idaho Apple Growers Assn. v. Brown*, 51 Ida. 540, 7 Pac. (2d) 591; *Burns v. Getty*, 53 Ida. 347, 24 Pac. (2d) 31; *Miller v. Gooding Highway Dist.*, 55 Ida. 258, 41 Pac. (2d) 625; *Bennett v. Deaton*, 57 Ida. 752, 68 Pac. (2d) 895.)

The record shows the Bothwell car had skidded around to the left before it was ever struck by the Williams truck, and the Williams truck was damaged on its left side, the Bothwell car on its right side, so the Williams truck was not so far on the north or its wrong side of the road as to have come against the Bothwell car from the north. Thus the skidding of the Bothwell car placed it in the place of danger which would not have occurred if it had gone straight ahead.

The judgment against James R. Bothwell should be reversed and the cause as to him dismissed and the judgment against Miss Bothwell affirmed.

Morgan, J., concurs with Givens, J.

Petition for rehearing denied.