272 P.2d 311

**LITALIEN v. TUTHILL.**

No. 7984.

Supreme Court of Idaho.

June 22, 1954.

Leslie T. McCarthy, Lewiston, for appellant.

Watt E. Prather, Bonners Ferry, for respondent.

336

PORTER, Chief Justice.

This action was brought by F. Frank Litalien, father and general guardian of Raymond G. Litalien, a minor, against C. D. Tuthill for personal injuries sustained by Raymond G. Litalien as the result of an automobile accident. Clifton Tuthill, the minor son of respondent, was the driver of the automobile and was killed in the accident. The cause was tried to a jury which returned a verdict in favor of respondent. Judgment was entered accordingly, and from such judgment this appeal has been taken.

The assignments of error by appellant are to the effect that the verdict and judgment in favor of respondent are contrary to the law and the evidence; and that the facts are insufficient to sustain a verdict and judgment in favor of respondent.

At about eight o'clock on the night of July 14, 1951, Clifton Tuthill was driving a 1947 Mercury automobile on U. S. Highway 95 and was entering the town of Bonners Ferry. Three of his friends, Raymond G. Litalien, Bill Lamey and Lyle Nelson, were occupants of the car. The automobile failed to negotiate a curve on the hill leading down to the main part of the town, and went over a high embankment. The speed of the automobile at the time was from 60 to 65 miles per hour. Raymond Litalien and another occupant of the car admonished the driver of the automobile to slow down or he would not make the curve. The driver did not slack speed. It appears without serious dispute that the automobile was being driven in reckless disregard of the rights of the guest occupants. Raymond Litalien was seriously injured in the accident.

At the time of the accident, Clifton Tuthill was eighteen years of age. He had been recently graduated from high school at Bonners Ferry and was working at Libby, Montana. His parents had moved from Bonners Ferry to Walla Walla, Washington, a few weeks before the accident.

■ Appellant did not allege in his complaint and did not attempt to prove that Clifton Tuthill at the time of the accident was upon any errand or carrying out any mission for respondent. There is no showing whatever that at such time the relation of principal and agent, employer and employee or master and servant existed. The evidence is all to the contrary. The complaint merely alleged that respondent was the owner of the 1947 Mercury automobile. Any presumption of agency arising from ownership of the automobile by respondent, if such ownership existed, is clearly overcome by the uncontradicted evidence.

■ In this jurisdiction it is well established that a parent is not liable for the negligence of his minor child in operating an automobile except under the doctrine of respondeat superior or under certain statutory provisions expressly imposing liability. Gordon v. Rose, 54 Idaho 502, 33 P.2d 351, 93 A.L.R. 984; Colwell v. Bothwell, 60 Idaho 107, 89 P.2d 193. Under the pleading and proof in this case there is no general liability shown on the part of respondent regardless of whether ownership of the automobile was in the father or the son.

Section 49–313 I.C., as amended by 1951 Session Laws, page 388, deals with liability for negligence of a minor child under eighteen years of age. Section 49–1003 I.C., provides that the owner of a motor vehicle permitting a minor under the age of sixteen years to drive such vehicle is liable for the damage caused by the negligence of such minor. It is apparent that these two sections of the statute have no application in this case.

Section 49–1004 I.C., provides in part as follows:

"1. * * * Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, expressed or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.

"2. Limitation of liability. The liability of an owner for imputed negligence imposed by this section and not arising through the relationship of principal and agent or master and servant is limited to the amount of $5,000 for the death or injury to one person in any one accident and subject to said limit as to one person is limited to the amount of $10,000 with respect to the death or injury to more than one person in any one accident and is limited to the sum of $1,000 for damage to property of others in any one accident."

■ Appellant pleaded that ownership of the 1947 Mercury automobile was in

338

respondent. However, he offered no proof in support of such allegation. Respondent by his pleading denied ownership of the automobile and alleged that his son was the owner of the car. Respondent offered proof to the effect that on or about June 16, 1951, the deceased Clifton Tuthill was the owner of and had title to a Ford automobile; that on such date he traded his Ford automobile to the Locati Motor Co., of Walla Walla, as part payment on the 1947 Mercury automobile and paid the balance of the purchase price in the sum of $895 in cash; that respondent did not in any way participate in the negotiations of such transaction but did give his son a check for $895 as a loan which was used to pay on the purchase price of the Mercury automobile; and that ownership of the car was vested in his son.

The most favorable view of the evidence from the standpoint of appellant is that the evidence is in conflict as to the ownership of the Mercury automobile. We have so repeatedly held as to require no citation of authority that this court will not disturb the verdict of a jury if sustained by substantial though conflicting evidence.

The verdict of the jury and the judgment entered thereon are amply sustained by the evidence in this cause. The judgment of the trial court is affirmed. Costs to respondent.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.