365 P.2d 965

K. O. ANDERSON, Plaintiff-Respondent,

v.

SMITH FROZEN FOODS OF IDAHO, INC., an Idaho Corporation, Defendant-Appellant.

No. 8993.

Supreme Court of Idaho.

Oct. 30, 1961.

---

Cox, Ware, Stellmon & O'Connell, Lewiston, for appellant.

Clements & Clements, Lewiston, for respondent.

SMITH, Justice.

This action is sometimes referred to as the Anderson case. The companion action, sometimes referred to as the Branom case, is Branom v. Smith Frozen Foods, 1961, 83 Idaho 502, 365 P.2d 958, wherein Branom sought recovery for his share of a crop of peas grown on land farmed by him. The alleged damage sought in both cases grew out of the same transaction; and both cases involved the principal issue, i. e., whether the transaction was governed by an oral or a written contract.

Respondent Anderson brought this action to recover the value of his share of a 1957

crop of green peas allegedly planted and grown by Duncan B. Branom, to be harvested by respondent pursuant to an oral contract with appellant. The jury found for respondent.

Respondent in his complaint alleged the oral contract entered into during March 1957, in terms as follows:

Appellant engaged respondent to harvest a crop of approximately 235 acres of Perfection green peas, to be raised during the 1957 farming season from seed furnished by appellant. Appellant had theretofore contracted the growing of this crop by Branom on land farmed by him. Respondent was to receive one-half of the crop proceeds remaining after payment of the costs of the seed and materials used to produce the crop. Appellant was to supervise the care and protection of the crop.

Respondent then alleged that appellant furnished Branom with the seed; that thereafter, contrary to the oral agreement, appellant demanded that respondent execute a promissory note in the sum of $4,280.25 payable to appellant, as representing the cost of the seed planted on Branom's land; that respondent executed the note with the understanding that it be without personal liability on his part, and be paid from gross receipts of the crop; that the seed which appellant furnished was contaminated by Austrian pea seed which rendered all the seed and the crop raised therefrom worth-

less for the intended purpose of the crop; that shortly after respondent commenced harvesting the crop, (after harvesting approximately 25 acres), appellant rejected the crop because of the presence of Austrian peas. Respondent then alleged that appellant breached the contract by refusing to accept respondent's performance thereof, which prevented respondent from harvesting the peas and from obtaining the value of his agreed share of the crop; that the crop was rendered worthless because appellant negligently furnished the contaminated seed. Respondent prayed for damages and cancellation of the promissory note.

Appellant, after denying the material allegations of the complaint, affirmatively alleged a written contract between it and respondent, dated March 18, 1957, whereby respondent, as grower, agreed to grow on the land farmed by Branom, subject to Branom's claims, a crop of green peas to be grown from Perfection pea seed furnished by appellant and to harvest and sell the peas to appellant as processor, and that respondent paid for the seed by his promissory note executed in appellant's favor. Appellant then alleged that Branom and respondent agreed between themselves that Branom should plant and grow the crop and respondent should harvest it, they to divide the proceeds of the crop between them.

Appellant's answer also contains ten separate defenses of which a portion of the

second (appellant's 3rd in the Branom case), all of the seventh (appellant's 8th in the Branom case), and the tenth (appellant's 13th in the Branom case), were stricken by order of the court. Appellant counterclaimed for a balance allegedly owing on respondent's promissory note. Appellant also filed a cross-complaint against a third party defendant, Moscow Idaho Seed Company, Inc., from which appellant had purchased the seed peas.

Anderson's case and Branom's case were consolidated for trial. Trial resulted in a verdict for respondent in the sum of $2,-902.88, and judgment in that amount from which appellant appealed.

The companion appeal, the Branom case, decides certain issues raised by appellant's specifications of error in this, the Anderson case which, for the reasons set forth in the Branom decision, we decide in respondent Anderson's favor, as follows:

Consolidation for trial of both the Branom and the Anderson cases;

Striking appellant's second defense (corresponding to appellant's 3rd in the Branom case);

Rejection of Defendant's Exhibits C and G, and comments of the trial judge relating thereto;

Apparent authority of appellant's agent Mr. Rew to enter into the oral contract on appellant's behalf with respondent.

The trial court's refusal to give appellant's requested instruction relating to the question of agency, and to give certain other requested instructions;

Substitution of the words "an express" in place of the article "a" in Instruction No. 25 as regards warranty of a thing sold;

The giving of certain instructions; and

Permitting V. R. Clements, one of respondent's counsel, to make a closing argument to the jury.

▮ Appellant assigns as error the trial court's striking of appellant's seventh defense to the effect that the third party defendant, Moscow Idaho Seed Company, Inc., neither expressly nor impliedly warranted the productivity of any seed it sold; also that pursuant to the written contract between appellant and respondent, under which the seed was delivered and planted and the crop produced, appellant disclaimed any warranty of the seed.

The disclaimer of warranty of the third party defendant was set forth on a tag sewn at the top of each sack of seed which Branom received from appellant. While such cannot be considered as a disclaimer of warranty insofar as appellant is concerned, nor relied upon by appellant in defense of respondent's action, nevertheless, the trial court allowed such a tag to be re-

ceived in evidence. Moreover, appellant's disclaimer of warranty was contained in the alleged written contract between it and respondent attached as an exhibit to appellant's answer. The trial court allowed such contract in entirety, without qualification as to any portion thereof, to be received in evidence. Therefore, the jury was afforded due opportunity to consider such alleged disclaimer of warranty. Such assignment is without merit.

■ Appellant urges error of the trial court in permitting respondent to testify over objection that the only consideration for his promissory note executed in appellant's favor was "that pea seed that was delivered to Mr. Branom."

Appellant is not in position to urge such assignment inasmuch as the testimony of appellant's agents is not in disagreement with this portion of respondent's testimony. Mr. Howard, appellant's field man, had testified as to the dates and times leading up to, and culmination of, the transaction between appellant, on the one hand, and respondent and Branom, on the other, relating to the growing, caring for, harvesting and disposition of the crop of peas; and Mr. Mansell, appellant's manager, after having testified as to why the note was dated June 29, 1957, i. e., after the seed had been delivered to Branom's land and planted, and after unused seed had been returned, then testified on cross-examination:

"Q. The seed that was used in planting this Branom farm land, that was the only consideration for the execution of the note by Mr. Anderson, is that right? A. Yes."

Such assignment is without merit.

■ Appellant urges error of the trial court in permitting respondent and his witness Branom to testify as to conversations, negotiations, arrangements, and an oral agreement, concerning the raising, harvesting and disposition of the crop of peas. Appellant contends, inasmuch as such matters took place prior to the signing of the written instrument, and relate to the same transaction, that all those matters became merged into the written instrument.

The principal issue as heretofore stated is whether the transaction was covered by an oral contract or a written contract. Testimony not only of respondent and Branom, but of appellant's agents, Messrs. Rew, Howard and Mansell, point to the culmination of an oral transaction differing from that recited in the later written instrument. We point to the principal differences:

The oral transaction included agreements between three parties, i. e., appellant, respondent and Branom, as to the raising, harvesting and disposition

of the crop, instead of between only the two parties, appellant and respondent, set out in the written instrument;

Appellant's agents dealt directly with Branom for the growing of the crop under the oral transaction, and not with respondent as the grower of the crop as contemplated by the written instrument;

The growing of the crop by Branom as an agent of respondent under the terms of the written instrument is negated by the testimony of both respondent and his witness and by appellant's agents;

Branom was not a party to the written instrument;

The seed peas, in fact, were delivered not to respondent as recited in the written instrument, but to Branom;

Consideration for respondent's promissory note, instead of being the purchase price of the seed, as recited in the written instrument, was delivery of the seed to Branom for planting.

Moreover at the time of execution of the written instrument during March 1957 appellant knew that respondent did not exercise proprietorship over the land which Branom farmed; for the record shows that but a short time prior, Mr. Mansell, appellant's manager, knew that respondent exercised proprietorship over approximately 400 acres, which did not include the land which Branom farmed; that respondent went to appellant's office and, as Mr. Mansell stated, "wanted to know if we could help him secure additional land *so he could harvest it*" (emphasis supplied); that Mr. Mansell replied that "we [appellant] would do everything we could to help him secure additional land," respondent having mentioned "around 1,000 acres."

Further, after the execution of the written instrument, Mr. Mansell and respondent conferred concerning a contemplated lease to be executed by Branom covering the land which Branom farmed, to run in favor of respondent as lessee; that appellant drew such an instrument and Mr. Mansell delivered it to respondent. Branom did not execute such proposed lease.

Again, the subsequent written instrument was not in conformity with the original oral agreement because the oral agreement recognized Branom as the grower; whereas Branom was not a party to the subsequent written instrument which erroneously designated respondent as the grower, which he was not. Further, the written instrument imposed a condition subsequent upon, and impossible of performance by, respondent, appellant well knowing at the time of execution of the written instrument that respondent did not exercise proprietorship over the land which Branom farmed.

By reason of these facts, the performance of the written contract by respondent be-

came impossible because its performance was contingent upon the condition subsequent, i. e., a lease from Branom to Anderson which was never obtained, or other exercise by Anderson of proprietorship over the land which Branom farmed.

The evidence thus disclosed grave questions, not only concerning the nature of the actual transaction, i. e., whether it was a three-party oral, or a two-party written contract, but as to the relative duties and obligations of the parties if governed by the oral, or by the written agreement. Moreover, respondent was entitled to develop his theory of the case that a three-party oral contract governed the transaction, relating to all aspects of the growing, harvesting and disposition of the crop, and that all of the parties recognized and performed under such three-party agreement. The assignment is without merit.

Suffice it to say that the case presented questions of fact for the jury to determine, i. e., whether the transaction was governed by an oral three-party contract or by a written two-party contract; and if by an oral contract, whether appellant's agents acted within the apparent scope of their authority. The jury resolved those questions in favor of respondent Anderson, as well as in favor of Branom in the Branom case.

■ The evidence clearly justifies application of the rule relating to an agent's apparent authority as stated in John Scowcroft & Sons Co. v. Roselle, 77 Idaho 142, 145, 289 P.2d 621, 623, 55 A.L.R.2d 1:

> " * * * where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption, the principal is estopped as against such third person from denying the agent's authority, * * *."

See also Bevercombe v. Denney & Co., 40 Idaho 34, 231 P. 427; Stout v. McNary, 75 Idaho 99, 267 P.2d 625; Texas Company v. Peacock, 77 Idaho 408, 293 P.2d 949; Manley v. MacFarland, 80 Idaho 312, 327 P.2d 758; Molstead v. Reliance National Life Insurance Co., 1961, 83 Idaho 458, 364 P.2d 883.

■ Appellant assigns as error the trial court's denial of appellant's motion for summary judgment. The motion is based upon affidavits of three of appellant's employees and the deposition of respondent Anderson, and is opposed by affidavits of both respondent Anderson and Branom. Those instruments show definite conflict as regards the issues of fact involved in this case. In Merrill v. Duffy Reed Construction Co.,

**502**

82 Idaho 410, 414, 353 P.2d 657, 659, we held as follows:

"A motion for summary judgment should be denied if the pleadings, admissions, depositions, and affidavits raise any question of credibility of witnesses or weight of the evidence. [Citations]."

See also Idaho Rules Civ.Proc., Rule 56(c). This assignment is not meritorious.

We have considered the principal issues presented which, we deem, govern the disposition of this appeal. We have considered appellant's remaining specifications but deem them to be without merit.

The jury was instructed "to consider the instructions as a whole and not to pick out any particular instruction and place undue emphasis on such instruction." Moreover the evidence was conflicting regarding the principal issues of fact. Where the evidence is conflicting on material issues of fact, it is the province of the jury to find on such conflicting evidence, and where there is substantial evidence to support a verdict, the same and the judgment based thereon will not be set aside. I.C. § 13-219; Litalien v. Tuthill, 75 Idaho 335, 272 P.2d 311; Kent v. Campbell, 80 Idaho 57, 324 P.2d 398; Seamons v. Spackman, 81 Idaho 361, 341 P.2d 442; C. R. Crowley Inc. v. Soelberg, 81 Idaho 480, 346 P.2d 1063.

The judgment is affirmed. Costs to respondent.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.